COMMONWEALTH *vs.* LAWRENCE E. CARR.

Suffolk.     October 14, 1975. — December 22, 1975.

Present: HALE, C.J., GOODMAN, & ARMSTRONG, JJ.

*Practice, Criminal,* Speedy trial.   *Pleading, Criminal,* Bill of particu-
lars.

Denial of a motion to dismiss indictments for alleged violation of the
defendant's right to a speedy trial under G. L. c. 277, § 72A, was not
error where continuances agreed to by the defendant delayed trial
until after the expiration of six months from an application by him
under § 72A for a speedy trial or other disposition of the cases, and
an order by a judge for a further continuance of a month, although
objected to by the defendant, who was ready for trial, was within
the judge's discretion and justified in view of the circumstances that
at the time of the order a codefendant was not ready for trial be-
cause of a pending discussion of a plea of guilty by him and that
there was no assertion of any particularized prejudice to the defend-
ant.  [655-657]
There was no error in denial of a motion to dismiss indictments for
failure of the Commonwealth to furnish particulars within the time
specified in an order therefor where the particulars were ultimately
furnished and bad faith on the part of the Commonwealth or sub-
stantial prejudice to the defendant with respect to the delay was not
shown.  [657-658]

INDICTMENTS found and returned in the Superior Court
on March 12, 1974.

A motion to dismiss for failure of the Commonwealth to
furnish particulars seasonably was denied by *Tamburello,*

J. A motion to dismiss for failure to accord the defendant a prompt trial was denied by *Robert Sullivan,* J., by whom the cases were heard.

*Martin C. Gideonse* for the defendant.

*Kathleen M. Curry,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J.    The defendant appeals from convictions on three indictments for robberies, all of which were committed on January 21, 1974, when the defendant, having failed to return from a holiday furlough, was on escape status from a State correctional institution. The only errors assigned concern denials of the defendant's motions to dismiss the indictments for (1) violation of his right to a speedy trial under G. L. c. 277, § 72A, and (2) failure of the Commonwealth to comply with an order for particulars within the time ordered.

1. The indictments were returned on March 12, 1974, and the defendant's application for prompt trial or other disposition was filed on April 1.[1] He was arraigned on June 10. New counsel was appointed (due to a possible conflict of interest). A pretrial conference was set for June 24. Trial was set for September 16. On June 26 and July 24, various pretrial motions were filed, which were heard on August 7. Among the motions allowed was one for particulars concerning identification; they were ordered to be furnished within thirty days.

On September 16 the case was called for trial. The particulars had not yet been furnished. The docket entries indicate that the cases were continued to November 4, 1974, for trial, by agreement. On November 4, the cases were again called for trial. The Commonwealth had still not furnished the particulars. The cases were ordered held for trial until November 6, on which date the defendant filed a motion to dismiss based on the failure to furnish the par-

---

[1] The docket entries record the filing of the application only in indictment no. 80977. We assume for purposes of this decision that the application and the September 16 hearing and order apply to all three indictments.

ticulars. The prosecutor stated that he would (and later in the day he did in fact) furnish the particulars without further delay.[2] The judge found that the Commonwealth was acting in good faith, apparently accepting the prosecutor's representation that he had tried repeatedly to obtain the information sought, and denied the motion to dismiss. A new trial date, December 4, was set, again by agreement of the parties.

On December 4, the defendant was apparently in court, ready for trial, but one Nagle, who was scheduled to be tried with the defendant, apparently was not. Nagle's counsel indicated that a plea of guilty was presently being discussed with the prosecutor. The judge, over the objection of the defendant, ordered the case continued for trial until January 6, 1975. On that date the defendant filed a motion to dismiss for an alleged failure to accord him the prompt trial guaranteed him by G. L. c. 277, § 72A. The motion was denied, and the cases were tried.[3]

There is no contention or suggestion in this case that the defendant was denied his constitutional right to a speedy trial. General Laws, c. 277, § 72A, the statute alleged to have been violated, "establishes a priority for a trial of defendants already in custody." *Commonwealth* v. *Boyd,* 367 Mass. 169, 177 (1975). See *Commonwealth* v. *Lauria,* 359 Mass. 168, 171 (1971), and *Commonwealth* v. *Gove,* 366 Mass. 351, 355 (1974). Because the right conferred by § 72A is not a fundamental constitutional right, we apply traditional indicia of waiver of rights. *Commonwealth* v. *Davis,* 367 Mass. 422, 423-424 (1975). Contrast *Commonwealth* v. *Horne,* 362 Mass. 738, 741-742 (1973).

By the terms of the statute, the six-month period within which the defendant was entitled to be "brought into court

---

[2] The defendant characterized the particulars furnished as only in partial compliance with the August 7 order, but no contention is made that anything of substantial concern to the defendant was left out or that the defendant has been prejudiced by any deficiency.

[3] It is agreed that the appeal is to be considered as if the trial took place on January 6, 1975. In fact it took place on January 16, 1975, and the defendant was sentenced the following day.

for trial or other disposition" of the indictments commenced on April 1, 1974, when his "application ... [was] received by the court," and ended on October 1. The continuance which delayed the trial until after October 1 was not only not objected to by the defendant, but was agreed to by him through his counsel, as was the subsequent continuance which scheduled trial for December 4.

Only the final continuance (from December 4 to January 6) was objected to by counsel. That continuance was granted after the expiration of six months from the receipt of the application for speedy trial. Assuming, without deciding, that § 72A continued after the expiration of that six-month period to impose on the Commonwealth some obligation to try the defendant speedily in addition to that imposed by the Constitution (cf. *Commonwealth* v. *Royce,* 358 Mass. 597, 599 [1971]) and *Commonwealth* v. *Loftis,* 361 Mass. 545, 549-550 [1972]), it is clear that the continuance from December 4 to January 6 was explicitly authorized by that portion of § 72A which states, "unless the court shall otherwise order." *Commonwealth* v. *Loftis, supra,* at 549, and fn. 5. There should be a reasonable justification for such an order, *Commonwealth* v. *Boyd, supra,* at 179, fn. 2, and there was in this case. The absence of Nagle, the fact that he was on the verge of deciding to plead guilty and turn State's evidence, the short duration of the continuance, and the absence of any assertion of particularized prejudice to the defendant, made the continuance reasonable. There was no abuse of discretion and no denial of the defendant's statutory right to a speedy trial.

2. Nor is error shown in the denial of the motion to dismiss based on the delay in complying with the order for particulars. Like the granting of the original motion for particulars, *Commonwealth* v. *Lammi,* 310 Mass. 159, 161-162 (1941), *Commonwealth* v. *French,* 357 Mass. 356, 400 (1970), and cases cited, the imposition of a sanction for noncompliance or delay in compliance by the Commonwealth lay within the discretion of the judge. *Commonwealth* v. *Bartolini,* 299 Mass. 503, 508-510 (1938). *Commonwealth* v. *Lammi, supra.* In the absence of a showing

of substantial prejudice to the defendant or bad faith by the Commonwealth, *Commonwealth* v. *Parry,* 1 Mass. App. Ct. 730, 734 (1974), the defendant's contention on this point raises no significant issue.

*Judgments affirmed.*