COMMONWEALTH *vs.* EARL M. DAGGETT.

Suffolk. February 3, 1976. — March 1, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Speedy trial. *Constitutional Law,* Speedy trial, Grand jury. *Grand Jury.*

A defendant in a criminal case was not denied his right to a prompt trial under G. L. c. 277, § 72A, which provides that after application is received by the court a defendant shall within six months be brought into court for trial or other disposition of a pending indictment, where his application was filed on October 22, 1974, and he was brought to trial on April 22, 1975 [792]; even if the statutory six-month period had lapsed, the fact that the defendant had agreed to one of two continuances granted within the period would have removed the defendant from the benefits claimed under § 72A [792-793].

A lapse of seventeen months from the date of indictment to the date of trial did not violate a criminal defendant's constitutional right to a speedy trial where the defendant initially sought a postpone-

ment in order to retain private counsel, where the several continu-
ances sought by the Commonwealth thereafter were requested in
order to allow the Commonwealth time to locate a key witness
and reasonable steps were taken to do so, and where the delay
did not result in any prejudice to the defendant, who did not
produce any witnesses at the trial and who was out on bail until
incarcerated on unrelated charges. [793-794]

There was no error in the judge's refusal in a criminal case to dismiss
indictments against a defendant on the ground that there was
discrimination against women in the manner in which the grand
jury had been chosen where the indictments were brought prior
to the decision in *Taylor* v. *Louisiana*, 419 U.S. 522. [794-795]

INDICTMENTS found and returned in the Superior Court
on November 12, 1973.

Pre-trial motions were heard by *Bennett*, J., and *Beau-
dreau*, J. The cases were tried before *McLaughlin*, C.J.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Fern L. Nesson*, for the defendant, submitted a brief.

*Thomas J. Mundy, Jr.*, Assistant District Attorney, for
the Commonwealth.

REARDON, J. The defendant was found guilty of
assault and battery by means of a dangerous weapon,
and of abuse of a female child, on two indictments
lodged against him on November 12, 1973. He was
sentenced thereafter to the Massachusetts Correctional
Institution at Walpole on the second indictment for a
term of nine to fifteen years. The case, transferred from
the Appeals Court on our own motion, is here on assign-
ments of error based on the defendant's allegations that
having applied for a prompt trial on October 22, 1974,
under G. L. c. 277, § 72A, he did not receive it. He
alleges also denial of his constitutional right to a speedy
trial in that he was not tried until over seventeen months
after indictment despite his demand for a speedy trial
and his repeated objections to continuances. The
defendant raises also the question whether his constitu-
tional and statutory rights to a grand jury drawn from a

cross section of the community were violated by purposeful discrimination against women which resulted in their underinclusion on the grand jury which indicted him.

We consider first whether in fact he was denied his right to a prompt trial under G. L. c. 277, § 72A, which provides that after application is received by the court a defendant shall within six months "be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order." The short answer to the defendant's claim is that as he was brought to trial within six months of the filing of his application the statutory requirements were satisfied. The defendant's application for a prompt trial was filed and docketed on October 22, 1974. Precisely six months later, on April 22, 1975, the trial on the two indictments commenced. On that day there was a motion for trial by the Commonwealth; the jury were empanelled and the indictments and pleas were read to them. We hold that the statutory six-month period extended to April 22, 1975 (and did not expire on April 21, 1975), and that as of that date the defendant had been "brought into court for trial" in compliance with G. L. c. 277, § 72A.[1]

We further note that even had the statutory period lapsed the defendant well may not have been entitled to relief under the statute. First, the statute does not compel dismissal in all cases in which the six-month requirement is not met. As cited above, G. L. c. 277, § 72A, provides that the defendant be brought to court within six months of application by the defendant "unless the court shall otherwise order." As was made clear in

---

[1] The six-month period is to be measured from, but excluding, the date of receipt of the defendant's application for prompt trial by the court. Hence the six-month anniversary date of the court's receipt of the application is included within the statutory period. See *Berkshire Gas Co.* v. *Assessors of Williamstown,* 361 Mass. 873 (1972); *Templer* v. *Templer,* 347 Mass. 270 (1964); *Boston Penny Sav. Bank* v. *Assessors of Boston,* 314 Mass. 599 (1943).

*Commonwealth* v. *Loftis*, 361 Mass. 545, 549 (1972), a judge is not required in all circumstances to dismiss an indictment "if the case is not tried or otherwise disposed of within six months after an application for a speedy trial is 'received by the court.'" Secondly, a review of the two continuances after the defendant filed his application for a prompt trial indicates that while he objected to the first on January 16, 1975, he agreed to the second on March 12, 1975. This in effect would have removed from the defendant the benefits he now claims under the statute. A defendant, having agreed to a continuance, is not in a position to insist upon strict adherence to the exact six-month period. See *Commonwealth* v. *Loftis*, *supra* at 549-550. Cf. *Commonwealth* v. *Boyd*, 367 Mass. 169, 178-179 (1975).

Nor has he been denied his constitutional right to a speedy trial. While he was indicted on November 12, 1973, he appeared in court on January 30, 1974, to seek a postponement in order to retain private counsel and was granted a continuance. On May 7, 1974, he answered "ready" for trial while the Commonwealth sought a continuance for "a good amount of time" in order to locate the complaining witness. The trial was continued until June 18, 1974, when the Commonwealth again requested a continuance on the ground that the complaining witness, a teenaged Indian girl, "is visiting with her family in Canada and won't be back until fall. . . . She suffered a trauma as a result of this rape and she has gone away to try and recuperate." The case then was continued until September 9, 1974. Until September 11, 1974, the defendant was out on bail. On that date he was convicted of an unrelated charge (armed robbery) in the Superior Court in Suffolk County and sentenced to six years at the Massachusetts Correctional Institution at Concord. While in prison the defendant filed his application for prompt trial on October 22, 1974. Thereafter, on January 16, 1975, the Commonwealth requested a further continuance, stating its

current inability to locate the witness, then believed to be on an Indian reservation in Canada, and stating further that every effort was being made to locate her. The Commonwealth further suggested that if the continuance ran to the first part of March and the witness was not then present "the commonwealth would not oppose a motion to dismiss at that time." On March 12, 1975, the case was continued by agreement and trial commenced on April 22, 1975.

The delay in trial until May, 1974, was clearly at the request of the defendant but he complains of the subsequent continuances granted at the Commonwealth's request and the delay in trial until April, 1975. It would appear that there was a valid reason for the Commonwealth's requests in that the key witness to this very serious offense was missing and that the Commonwealth was taking reasonable steps to locate her. The standards in *Barker* v. *Wingo*, 407 U.S. 514, 530 (1972), set out certain factors to be assessed by the court in determining whether the defendant has been deprived of his constitutional right to a speedy trial. They are stated to be " [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." At 531, the Court stated that "a valid reason, such as a missing witness, should serve to justify appropriate delay." Furthermore, we see no resultant prejudice to the defendant in such delay as occurred in this case. He produced no witnesses at the trial. He was out on bail until he was incarcerated on other charges which were unrelated, and the Commonwealth in the meantime was exerting effort to bring him to trial. What occurred in this case was not in derogation of the *Barker* v. *Wingo* standards. See *Commonwealth* v. *Gove*, 366 Mass. 351, 361-365 (1974); *Commonwealth* v. *Gilbert*, 366 Mass. 18, 20-23 (1974).

Furthermore, there was no error in the refusal of the judge to dismiss indictments brought on November 12, 1973, against the defendant on the ground that there was

discrimination against women in the manner in which the grand jury were chosen. *Taylor* v. *Louisiana,* 419 U.S. 522 (1975), to which the defendant refers, was promulgated on January 21, 1975, and on January 27, 1975, *Daniel* v. *Louisiana,* 420 U.S. 31 (1975), was decided. The *Daniel* case made it clear that the *Taylor* case was not to be applied retroactively "as a matter of federal law, to convictions obtained by juries empaneled prior to the date of that decision." At 32. We had occasion to make reference to this fact in *Brunson* v. *Commonwealth, ante,* 106, 117 (1975), and we also declined to apply the rule of the *Taylor* case retroactively. We follow the same course here. We conclude that no error is shown in the record before us.

*Judgment affirmed.*