COMMONWEALTH *vs.* CLARENCE R. FIELDS.

Barnstable.    June 7, 1976. — November 3, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS,
& LIACOS, JJ.

*Practice, Criminal,* Exceptions: failure to save exception; Double jeop-
ardy; Speedy trial.

Where denial of appellate review of a criminal case would involve a
substantial risk of miscarriage of justice, this court exercised its dis-
cretion to consider an error not excepted to at trial. [277-278]
The dismissal of a criminal complaint in a District Court on the ground
that the defendant had been denied his right to a speedy trial in
violation of G. L. c. 277, § 72A, barred a subsequent prosecution for
the same offense by an indictment in the Superior Court. [278-282]

INDICTMENT found and returned in the Superior Court
on April 10, 1972.

A motion to dismiss was heard by *Sgarzi,* J., and the
case was tried before him.

The Supreme Judicial Court ordered direct appellate
review.

*Richard S. Goldstein* for the defendant.

*Francis E. Scheele,* Assistant District Attorney, for the
Commonwealth.

LIACOS, J.    Fields was found guilty of armed robbery
(G. L. c. 265, § 17) on May 15, 1972, by a jury after a trial
in the Superior Court. He was sentenced to a term of
imprisonment of eight to twelve years. His appeal — which
has involved a rather complex procedural history[1] — is

_____

[1] Fields has been represented at all times by attorneys from the Mas-
sachusetts Defenders Committee (Committee). Fields's first attorney
took no exceptions at trial and did not file an appeal within the time
limit prescribed by the then applicable Superior Court rule. See Rule

now before us pursuant to G. L. c. 278, §§ 33A-33G.

The question presented on appeal is whether a defendant may be indicted and tried for armed robbery in the Superior Court after a District Court judge acting under the provisions of G. L. c. 277, § 72A, has dismissed a complaint charging the same crime.[2] We conclude that a dismissal in the District Court on the basis of G. L. c. 277, § 72A, operates as a bar to subsequent prosecution for the same crime in the Superior Court. Accordingly, Fields's conviction must be vacated.

Our disposition of the case necessitates a summary of the events from the time Fields was first charged with armed robbery until he was tried in the Superior Court. On May 20, 1970, Fields was complained of in the Second District Court of Barnstable for armed robbery (G. L. c. 265, § 17) and larceny (G. L. c. 266, § 30) for events which took place on May 6, 1970. On April 7, 1971, Fields, who was incarcerated at the Massachusetts Correctional

---

103 of the Superior Court (1954). However, within six months after the verdict (see G. L. c. 278, § 32A) another attorney from the Committee sought permission from a single justice of this court to file a bill of exceptions. The request was granted subject to a proviso which was met.

A bill of exceptions was filed in June, 1974. After some correspondence between the district attorney and the Committee, an amended bill (prepared by a third attorney) was filed. Before any action was taken on the amended bill, yet another attorney of the Committee (Fields's present attorney) sought permission from a single justice to enter a writ of error in the case. The Commonwealth's demurrer, based on the pendency of the amended bill of exceptions, was sustained.

Shortly thereafter the amended bill was disallowed by a Superior Court judge. Relief was sought unsuccessfully from a single justice. Fields appealed to the full court. Pursuant to a suggestion made at oral argument before the full bench, Fields moved that the case be made subject to the provisions of G. L. c. 278, §§ 33A-33G, nunc pro tunc May 11, 1972 (the date of the Superior Court trial). The motion was allowed. We heard argument of the case on that basis (following the submission of supplemental briefs) in June, 1976.

[2] Fields raises two additional issues. He argues he was denied his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution and art. 11 of the Declaration of Rights of the Massachusetts Constitution. Fields also argues that the conviction should be reversed because he did not receive effective assistance of counsel at trial. Under the disposition we make of this appeal, we do not reach these issues.

Institution at Concord on unrelated charges, made an application to the District Court under G. L. c. 277, § 72A. He also filed a pro se request for a speedy trial. On December 28, 1971, the armed robbery and larceny complaints were dismissed by a District Court judge, pursuant to the provisions of § 72A. It appears that no action — either judicial or prosecutorial — had been taken on the complaints during the more than eight months that had elapsed since Fields applied under § 72A, or, for that matter, during the nineteen months the complaints were pending in the District Court.

In April, 1972, about four months after the complaints were dismissed, Fields was indicted for armed robbery by a grand jury on the basis of the events of May 6, 1970. One month later (on May 11, 1972) Fields was brought to trial on the indictment. Before a jury was empanelled, Fields's attorney made an oral motion that the indictment be dismissed on speedy trial grounds. After brief oral presentation by both sides, the trial judge denied the motion.[3]

---

[3] The transcript shows that neither counsel adequately informed the trial judge of the nature of the prior proceedings in the District Court. The fact that an application under G. L. c. 277, § 72A, had been filed by Fields in the District Court and that the complaints were dismissed by the District Court judge was never clearly stated. Indeed, the colloquy indicates that the trial judge most likely was led to believe that all that was in issue was a motion for speedy trial filed in the District Court and never acted on there:

COUNSEL FOR THE DEFENDANT: "I have evidence that [the defendant] applied for a speedy trial on these particular complaints when they were . . . in the District Court . . . almost two years ago, and *apparently no action was taken at all on 'those.* He tells me he has filed since then further motions for a speedy trial *with this Court, and on the basis of that,* your Honor, we would move for a dismissal in these particular indictments" (emphasis supplied).

The assistant district attorney similarly claimed to be unaware of the District Court disposition. He suggested that such disposition was irrelevant as the District Court complaints were unrelated to the Superior Court indictment:

ASSISTANT DISTRICT ATTORNEY: "I do not know what happened in the District Court. *I have the motions that were filed in the District Court before me* and they are not related to the indictment here today. *I don't even know if the motions are related to the cases that he was indicted for. . . .* I submit to the Court *I have no knowledge of a motion for a speedy trial nor do I know of any speedy trial motions that have been*

Fields's attorney did not take an exception to this ruling.[4]

1. A defendant in a criminal case has no right to have appellate review of an alleged error in the conduct of his trial unless that error is based on a proper exception. *Commonwealth* v. *Concepcion*, 362 Mass. 653, 654 (1972). *Commonwealth* v. *Underwood*, 358 Mass. 506, 509 (1970). *Commonwealth* v. *Foley*, 358 Mass. 233, 236 (1970). *Commonwealth* v. *Myers*, 356 Mass. 343, 346 (1969). However, in an appropriate case, as a matter of discretion, we may consider an error at trial not brought to us by an exception. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). See *Commonwealth* v. *Franks*, 365 Mass. 74, 82 (1974); *Commonwealth* v. *Conroy*, 333 Mass. 751, 757 (1956). Although we have been asked with increasing frequency to use this power as a basis to reverse convictions, see *Commonwealth* v. *Foley, supra* at 236, "[t]his power has been sparingly used." *Commonwealth* v. *Myers, supra* at 347.[5] We shall consider an error not excepted to at trial "only in the rare case, where 'there is a substantial risk of a miscarriage of justice' . . . ." *Commonwealth* v. *Leavy*, 369 Mass. 963 (1976), quoting from *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967).

Fields argues, and we agree, that this is such a case. It is difficult to conceive of a case in which the denial of appellate review could involve a more substantial risk of a miscarriage of justice. Cf. *Commonwealth* v. *Franks, supra*

---

*filed with regard to the matter that is here for trial"* (emphasis supplied).

Fields's trial attorney made no attempt to rebut these statements. It is undisputed that the indictment for armed robbery returned by the grand jury was based on the same events as the complaints in the District Court for armed robbery and larceny. These complaints were clearly identified in Fields's application under G. L. c. 277, § 72A. The complaints were endorsed "Dismissed by Court in accordance with G. L. [c.] 277 Sec. 72A."

[4] The failure of Fields's first attorney to take exceptions forms a substantial part of the basis for Fields's present attorney's claim that trial counsel was ineffective.

[5] It appears that we have exercised this power only twice in the past ten years. See *Commonwealth* v. *Franks,* 365 Mass. 74 (1974); *Commonwealth* v. *Freeman,* 352 Mass. 556 (1967).

at 82 (defendant apparently sentenced for a crime other than the one for which he was convicted) ; *Commonwealth v. Freeman, supra* at 562-564 (improper charge on admissions by silence). The error claimed here is not limited to an isolated piece of evidence (cf. *Commonwealth v. Concepcion,* 362 Mass. 653, 654-655 [1972]), testimony (cf. *Commonwealth v. Richards,* 363 Mass. 299, 310 [1973]; *Commonwealth v. Myers,* 356 Mass. 343, 346 [1969]), or argument (cf. *Commonwealth v. Balakin,* 356 Mass. 547, 551 [1969]), or to a few confusing lines in a jury instruction (cf. *Commonwealth v. Blackburn,* 354 Mass. 200, 205 [1968]). Rather, the error relates to whether trial was appropriate at all after the District Court judge's dismissal of the charges.[6] In such a case we are confident that we should exercise our power under *Commonwealth v. Freeman,* 352 Mass. 556 (1967). This court has indicated previously that it "has and will exercise the power to set aside a verdict or finding in order to prevent a miscarriage of justice when a *decisive* matter has not been raised at the trial" (emphasis supplied). *Commonwealth v. Conroy,* 333 Mass. 751, 757 (1956).

2. General Laws c. 277, § 72A, as appearing in St. 1965, c. 343,[7] "establishes a priority for [the] trial of defendants

[6] We note that in this case, unlike *Commonwealth v. Morrow,* 363 Mass. 601, 610 (1973), a motion to dismiss the indictment was made.

[7] "The commissioner of correction, the sheriff, master or keeper of a jail or house of correction, or in Suffolk county, the penal institutions commissioner of the city of Boston, shall, upon learning that an untried indictment, information or complaint is pending in any court in the commonwealth against any prisoner serving a term of imprisonment in any correctional institution, jail or house of correction, which is under his supervision or control, notify such prisoner in writing thereof, stating its contents, including the court in which it is pending, and that such prisoner has the right to apply, as hereinafter provided, to such court for prompt trial or other disposition thereof.

"Such application shall be in writing and given or sent by such prisoner to the commissioner of correction, or such sheriff, master, keeper or penal institutions commissioner, who shall promptly forward it to such court by certified mail, together with a certificate of said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner, stating (*a*) the term of commitment under which such prisoner is being held, (*b*) the amount of time served, (*c*) the amount of time remaining to be served, (*d*) the amount of good time earned,

already in custody." *Commonwealth* v. *Boyd,* 367 Mass. 169, 177 (1975).

We have indicated previously that this statute is to be viewed as a "warrant removal" or detainer removal statute which "furnishes a ready method for inmates to accelerate action on possible further impediments to their freedom." As such, this statute "bespeaks a clear legislative intention to expedite prosecution of charges already brought." *Commonwealth* v. *Gove,* 366 Mass. 351, 356 (1974). See also *Commonwealth* v. *Lauria,* 359 Mass. 168, 171 (1971).

This statutory right is a right distinct from that which may arise under the Sixth and Fourteenth Amendments to the United States Constitution or under art. 11 of our Declaration of Rights. See *Commonwealth* v. *McGrath,* 348 Mass. 748, 750 (1965). See also *Commonwealth* v. *Gove,* 366 Mass. 351 (1974). "Although it may be supposed that the statute's purpose was to assist in the implementation of the right to speedy trial guaranteed by art. 11 of the Declaration of Rights and by the Sixth (by reason of the Fourteenth) Amendment to the Constitution of the United States, the provision is curious in the sense that the right accorded to a defendant turns almost exclusively on delay, which is but one of the several factors which must be considered in determining whether a defendant has been deprived of the constitutional right." *Commonwealth* v. *Gove,* 1 Mass. App. Ct. 614, 618 (1973), aff'd on other grounds, 366 Mass. 351 (1974). A violation of the statutory right may be relevant to a consideration of a claim of denial of the constitutional right to a speedy trial, cf. *Commonwealth* v. *Ludwig,* 370 Mass. 31, 34 n.1 (1976), but the constitutional question need not be

---

(*e*) the time of parole eligibility of such prisoner, and (*f*) any decisions of the board of parole relating to such prisoner. Said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner shall notify the appropriate district attorney by certified mail of such application to the court.

"Any such prisoner shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order."

reached should the statutory claim be resolved in favor
of the defendant, as is here the case. General Laws c. 277,
§ 72A, does not set forth the "consequence of a failure to
comply with its provisions," *Commonwealth* v. *Gove, supra*
at 619, but it does direct that "within six months after . . .
[an] application is received by the court" there shall be a
"trial or other disposition of any . . . [pending] indictment,
information or complaint, unless the court shall otherwise
order."

While the occurrence of a trial within the statutory
period obviously satisfies the statutory mandate, *Common-
wealth* v. *Daggett*, 369 Mass. 790 (1976); see *Common-
wealth* v. *Parry*, 1 Mass. App. Ct. 730, 735 n.4 (1974), our
prior decisions have made clear that this statute creates
no per se rule requiring an immediate trial on application
properly made thereunder. See *Commonwealth* v. *Daggett,
supra* at 792-793, pointing out that the statutory language
itself allows a trial judge to make other orders pertaining
to the disposition or continuance of the case. Thus, the
trial judge may make an order granting a continuance
beyond the statutory six-month period where such a delay
appears reasonably necessary and justifiable. *Common-
wealth* v. *Boyd*, 367 Mass. 169 (1975). *Commonwealth* v.
*Loftis*, 361 Mass. 545 (1972).[8] Other significant events
within the statutory period may meet the statutory re-
quirements of "other disposition." See, e.g., *Common-
wealth* v. *Stewart*, 361 Mass. 857 (1972) (indictments re-
turned); *Commonwealth* v. *Royce*, 358 Mass. 597 (1971)
(arraignment).

Even if the trial court upon proper application does not
take any action within the statutorily prescribed period,
"General Laws, c. 277, § 72A, does not compel a judge to
dismiss an indictment if the case is not tried or otherwise

---

[8] We emphasize here as we did in *Boyd* and *Loftis* that "the advis-
able procedure in cases arising under § 72A is that the judge specifically
order an extension of the statutory period, stating his reasons . . . ."
*Commonwealth* v. *Boyd,* 367 Mass. at 179. The judge's discretion to
order an extension of the statutory period is not unlimited, however.
See *id.* at 179 n.2.

disposed of within six months after an application for a speedy trial is 'received by the court' " (footnote omitted). *Commonwealth* v. *Loftis,* 361 Mass. 545, 549 (1972). Where the delay is caused by the defendant or is for his benefit such disposition is not required. *Commonwealth* v. *Boyd,* 367 Mass. 169 (1975). *Commonwealth* v. *Loftis, supra.*

The Appeals Court has twice held that where the delay or lack of any activity occurred in circumstances neither caused by nor attributable to the defendant, dismissal of the indictment is required by the "mandate" of § 72A. See *Commonwealth* v. *Alexander,* 4 Mass. App. Ct. 212, petition for further appellate review granted, 370 Mass. 866 (1976); *Commonwealth* v. *Gove,* 1 Mass. App. Ct. 614 (1973), aff'd on other grounds, 366 Mass. 351 (1974). Neither of those cases involved the precise issue presented here, where the District Court judge dismissed the complaint under § 72A, and a subsequent indictment based on the same acts was returned. Consequently, we need not now determine the issues ruled on by the Appeals Court in *Alexander* and *Gove.*

The procedural facts in the instant case are more closely analogous to those involved in *Commonwealth* v. *Ludwig,* 370 Mass. 31 (1976). In *Ludwig,* a District Court judge dismissed complaints on a motion to dismiss based, inter alia, on a claim of denial of a speedy trial where a continuance had been granted over the defendant's objection in violation of G. L. c. 276, § 35.[9] A subsequent indictment based on the same acts was returned and a motion to dismiss raising speedy trial claims was denied by the Superior Court judge. We sustained the exception of the defendant to this denial of his motion to dismiss. We believe that the legislative policies expressed by G. L. c. 276, § 35, are similar to those expressed by G. L. c. 277,

_____

[9] General Laws c. 276, § 35, provides in part: "Except in proceedings under sections eleven to nineteen, inclusive, of chapter two hundred and seventy-three, the court or justice may adjourn an examination or trial from time to time, not exceeding ten days at any one time against the objection of the defendant . . . ."

§ 72A. As is the case with G. L. c. 276, § 35, after there has been a violation of the statutory direction of G. L. c. 277, § 72A, "a decision to dismiss on speedy trial grounds could [be] warranted."[10] *Commonwealth* v. *Ludwig, supra* at 33. In *Ludwig,* the District Court judge did not specify the grounds for dismissal but we found that his action "implied the findings of fact necessary to support his action on speedy trial grounds . . . ." *Id.* at 34. In the instant case the District Court judge, faced with both an application under § 72A and a motion for speedy trial, chose to endorse on the back of the armed robbery complaint pending before him: "12/28/71 Dismissed by Court in accordance with G. L. [c.] 277 Sec. 72A," and affixed a similar notation to the larceny complaint. He chose not to act on constitutional speedy trial grounds but under § 72A. In the circumstances of this case we think that the decision of the District Court judge was proper. His action implied the findings of fact necessary to establish a violation of the statute.

We have recently considered the consequence of such a dismissal. In *Commonwealth* v. *Ludwig, supra,* we held that "the dismissal of a complaint in the District Court on the ground that the defendant has been denied his right to a speedy trial is a bar to any subsequent prosecution for the same offense whether by later complaint in the District Court or by an indictment in the Superior Court." 370 Mass. at 35. See generally ABA Standards, Speedy Trial § 4.1 (1974). We believe that the same result is appropriate here.[11]

---

[10] As we noted in *Ludwig,* a violation of the statutory prohibition of G. L. c. 276, § 35, "does not automatically provide the defendant with the right to have the case against him dismissed. However, such a statutory violation does enter into the consideration whether the defendant's right to a speedy trial has been infringed." 370 Mass. at 34 n.1 (1976). A similar rule may apply to violations of G. L. c. 277, § 72A.

[11] We note that the District Court did not have trial jurisdiction over the armed robbery charge. See G. L. c. 218, § 26. It did have power to bind over Fields for the grand jury or to find a lack of probable cause. G. L. c. 218, § 32. The conduct of a bind-over hearing would have been an "other disposition" under G. L. c. 277, § 72A. Cf. *Commonwealth* v.

Accordingly, because Fields should not have been in-
dicted or tried for armed robbery in the Superior Court,
the judgment is reversed, the verdict set aside and the
indictment is to be dismissed.

*So ordered.*

---

*Royce,* 358 Mass. 597 (1971). We have previously described herein
other actions or events which might satisfy the statutory requirement
of "trial or other disposition" as well as "orders" which may be made
by the District Court judge.

The statutory and closely related constitutional policies in favor of a
speedy trial clearly refute the Commonwealth's argument that the ac-
tions of the District Court judge cannot bind the Commonwealth and
bar subsequent indictment because a finding of lack of probable cause
does not do so. The function of probable cause hearings is wholly dis-
tinguishable. Cf. *Commonwealth* v. *Britt,* 362 Mass. 325, 330 (1972);
*Commonwealth* v. *Mahoney,* 331 Mass. 510 (1954). See *Corey* v. *Com-
monwealth,* 364 Mass. 137 (1973); *Myers* v. *Commonwealth,* 363 Mass.
843 (1973).

Nothing we say here should be taken to imply that a District Court
judge has similar powers under G. L. c. 276, § 35, to dismiss for viola-
tion of that statute. That question is not before us. While the two stat-
utes serve similar policies, G. L. c. 277, § 72A, stands on its own footing
in view of the fact that it peculiarly deals with defendants already in-
carcerated under other sentences. In short, we adhere to the speedy
trial analysis set forth in *Ludwig* where G. L. c. 276, § 35, is involved.

