COMMONWEALTH *vs.* WARREN AMBERS.

Suffolk.    May 10, 1976. — November 24, 1976.

Present: HALE, C.J., KEVILLE, & GOODMAN, JJ.

*Practice, Criminal,* Speedy trial, Continuance.

A delay of almost eleven months between the filing of a criminal defendant's motion for a speedy trial under the provisions of G. L. c. 277, § 72A, and the commencement of his trial did not require dismissal of the indictments where each of the continuances granted by the judge beyond the six-month period was reasonable. [651-654]

INDICTMENTS found and returned in the Superior Court on November 15, 1973.

The cases were tried before *Good,* J.

The case was submitted on briefs.

*Fern L. Nesson* for the defendant.

*Daniel C. Mullane,* Assistant District Attorney, for the Commonwealth.

KEVILLE, J.    The defendant was tried to a jury and convicted of assault and battery by means of a dangerous weapon, and of breaking and entering in the nighttime and armed assault. He appeals pursuant to G. L. c. 278, §§ 33A-33G. His contentions are that he was denied a speedy trial in violation of his rights under G. L. c. 277, § 72A, and that the judge erred in denying his motion to dismiss the indictments based on the failure to grant him such a trial.

Commonwealth *v.* Ambers.

On November 15, 1973, the defendant was indicted by a grand jury. He was arraigned on December 5. On February 27, 1974, when the case was called for trial, the defendant failed to appear, and one of his witnesses was in Puerto Rico. Defense counsel was granted a continuance to May 6. On that date, the defendant failed to appear for trial and was defaulted.

In July, 1974, the defendant was arrested on an unrelated charge, tried and convicted. He received a sentence of two years in a house of correction. On August 1, his application for a speedy trial under G. L. c. 277, § 72A, was received and docketed.[1] On October 3, 1974, the judge denied the defendant's oral motion to remove the May 6 default and scheduled a pre-trial conference for October 21. No conference took place on that day, apparently because, according to the district attorney, he and defense counsel had been unable to meet. The conference was eventually held on November 26, and a trial date was set for January 13, 1975.

On January 13, the Commonwealth was granted a continuance because of the death of the police officer who had brought the complaint. Defense counsel objected and excepted to the granting of this continuance. The district attorney and the judge agreed on a trial date of March 12. On that day the Commonwealth requested a continuance because a police witness was out of the country. This request was granted and trial set for April 10, by agreement of defense counsel and the district attorney. The defendant's counsel stated, "I, for the record, would take an exception, but Mr. Mullane [the assistant district attorney] tells me he would be ready to go in April." When asked by the judge if April 10 would be agreeable, the defendant's counsel replied, "Yes, it is," and did not repeat his objection or take an exception although it was clear that the continuance had been granted. The docket entries indicate

---

[1] The docket entries recorded the filing of the application only in the indictment charging the defendant with breaking and entering in the nighttime and armed assault. We assume for the purposes of the opinion that the application was applicable to both indictments.

that the continuance was by agreement of both parties and no exception was noted.

On April 10, 1975, the case was called but was assigned to a trial session to begin on April 15, apparently because the district attorney was engaged in the trial of another case. However, the case was not reached because of the busy trial schedule in that session and the case was returned to the original session. On May 2, it was continued to June 9 at the request of the Commonwealth in the absence of the defendant's counsel. No transcript exists of the proceeding. On June 5, the defendant filed a motion to dismiss for failure to grant a speedy trial under G. L. c. 277, § 72A. When both sides answered ready for trial on June 9, the case was sent to another session. On June 19, the case was called for trial but was continued because of the absence of one of the Commonwealth's witnesses, who had missed a ride from her home in Maine and had refused to use public transportation despite the fact that the Commonwealth had offered to pay her expenses. The defendant excepted to the granting of the continuance.

On June 23, 1975, the judge denied the defendant's motion to dismiss for failure to grant a speedy trial. He based the denial on his belief that the motion was invalid because of the defendant's earlier default and the failure of the defendant to preserve his objection to the March 12 continuance. The trial began on June 23, 1975, in the Superior Court and on the next day the defendant was found guilty on both indictments.

General Laws c. 277, § 72A, as appearing in St. 1965, c. 343, provides for notification to a prisoner of any untried indictment, information or complaint pending against him, after which he may file an application for speedy trial and "shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order." It is a statute intended to expedite and dispose of charges pending against an individual who is already serving a term of imprisonment. *Commonwealth* v. *Stewart,* 361 Mass. 857 (1972).

*Commonwealth* v. *Gove,* 366 Mass. 351, 355 (1974). *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 525 (1975). This statute should not be regarded as a broad gauge attempt to solve all problems incident to the concept of a speedy trial. *Gove, supra,* at 355.

The fact that the defendant was defaulted prior to his application under c. 277, § 72A, does not affect the validity of that application.[2] The question is whether the statutory requirements were met even though the continuances granted resulted in a postponement of the trial to a time beyond the six months' period. The defendant filed his application under § 72A on August 1, 1974. By February 1, 1975, six months thereafter, the parties had completed a hearing on removal of the default and a pre-trial conference. The case had been called once for trial, on January 13, 1975, and continued until March 12.

It has been held in a number of cases that the statute does not actually require that the trial be completed within six months of a defendant's application under § 72A. Where the application is filed with respect to a complaint pending in a District Court, the six months' requirement is satisfied by an arraignment (*Commonwealth* v. *Royce,* 358 Mass. 597, 599 [1971]; *Commonwealth* v. *Fields,* 371 Mass. 274, 280 [1976]), a "bind-over hearing" (*id.* at 282, n.11), or the return within that period of an indictment which charges the defendant with the same offense as that alleged in the complaint. *Commonwealth* v. *Stewart,* 361 Mass. at 858. Where the application is filed with respect to an existing indictment, it is sufficient that the jury be impanelled and the indictment read and pleas entered by the final day of the six months' period. *Commonwealth* v. *Daggett,* 369 Mass. 790, 792 (1976).

---

[2] General Laws c. 277, § 72A, does not state that defendants who have been defaulted are precluded from asserting their rights under the statute. General Laws c. 276, § 67, lists the effect of being defaulted, viz., the loss of right to be released upon further bail or recognizance in the same case unless otherwise ordered by a judge of the court where such charge is pending at the time of default. The latter statute does not state that defendants who are defaulted also lose their rights under c. 277, § 72A.

"General Laws c. 277, § 72A, does not compel a judge to dismiss an indictment if the case is not tried or otherwise disposed of within six months after an application for speedy trial is 'received by the court.'" *Commonwealth* v. *Loftis*, 361 Mass. 545, 549 (1972). *Commonwealth* v. *Fields*, 371 Mass. at 280-281. The statute states that the six months' period applies "unless the court shall otherwise order." That qualifying language would be meaningless if a strict six months' rule were followed. *Commonwealth* v. *Loftis*, 361 Mass. at 549. In the instant case, even if the continuance granted on January 13, 1975, were not considered a "trial or other disposition" within the ambit of § 72A, that and subsequent continuances fell within the statutory power of the court to extend or waive the six months' period for good cause. The court's discretion is not unbridled; "some element of reasonable justification should be present." *Commonwealth* v. *Boyd*, 367 Mass. 169, 179, n.2 (1975).

1. The court did not abuse its discretion in granting the Commonwealth's request for a continuance on January 13, 1975, when witnesses failed to appear due to the death of the officer who had brought the complaint. In considering whether delays have violated a defendant's constitutional right to a speedy trial, it has been held that the unavailability of a key witness is a valid justification for granting such a continuance. *Barker* v. *Wingo*, 407 U. S. 514, 531 (1972). *Commonwealth* v. *Daggett*, 369 Mass. at 793-794. See *Commonwealth* v. *Carr*, 3 Mass. App. Ct. 654, 657 (1975).[3] The American Bar Association has recommended that delays resulting from a continuance granted at the request of the prosecutor should be excluded in com-

---

[3] The defendant has not argued on appeal the question whether his constitutional right to a speedy trial was violated. We note, however, that that question under both the Massachusetts Declaration of Rights and the United States Constitution is weighed according to four factors enunciated in *Barker, supra,* at 530, viz., "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Commonwealth* v. *Horne*, 362 Mass. 738, 742 (1973). *Commonwealth* v. *Gove*, 366 Mass. 351, 361 (1974). *Commonwealth* v. *Boyd*, 367 Mass. 169, 179-180 (1975).

puting the time for trial "if the continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date." ABA Standards Relating to the Administration of Criminal Justice, Speedy Trial, § 2.3 (d) (i) (1974).[4] The absence of the police on January 13 could not fairly be attributed to dilatory conduct on the part of the Commonwealth, and there were reasonable grounds for the judge to believe that the absent witnesses would be available to testify at a later date.

2. Defense counsel did not effectively object to the court's allowance of the March 12, 1975, continuance when later on that occasion he agreed to the proposed trial date and no exception was in fact taken to the continuance in order to preserve the defendant's right to a speedy trial. *Commonwealth* v. *Underwood*, 358 Mass. 506, 508-509 (1970). *Commonwealth* v. *Cooper, post,* 782 (1976). *Commonwealth* v. *Carr,* 3 Mass. App. Ct. at 656.

3. When the case was called on April 10, 1975, the judge assigned it to another session for trial on April 15 because the district attorney was engaged in the trial of another case. Not having objected to the delay, the defendant waived his right to challenge that delay on review. *Carr, supra.*

4. Between April 15 and May 2, 1975, the case was held for trial from day to day but was not reached because of the congested court calendar. The delay in this instance was not attributable to the prosecution because there was no evidence of "oppressive or purposefully dilatory conduct by the prosecution . . . [and] [i]t is a fair inference that these delays were inherent in the general problems of the administration of justice in a congested county." *Commonwealth* v. *Rego,* 360 Mass. 385, 392 (1971).

---

[4] In *Commonwealth* v. *Boyd,* 367 Mass. at 179, n.2, the Supreme Judicial Court endorsed the ABA standards for "possible guidance as to what might justify delay" in a § 72A case.

5. On May 2, the case was returned to the first session. The transcript does not disclose what transpired in court on May 2. The defendant claims that he was later informed that a trial date of June 9 had been set and that, since he was unable to note his objection to the continuance in open court, he objected to the court by letter and requested that his exception be noted. The record does not show, however, that such a letter was received. Nor has the defendant presented additional evidence that such a letter was mailed to the court. Consequently, any objection which he might have had to that delay must be treated as having been waived. *Commonwealth* v. *Carr*, 3 Mass. App. Ct. at 656.

6. The case was not reached during the period June 9 to June 19, 1975, because of congestion in the trial list. The Commonwealth was then prepared to proceed to trial and should not, therefore, be charged with that delay. *Commonwealth* v. *Rego*, 360 Mass. at 392.

7. The final continuance from June 19 to June 23, 1975, was granted because of the absence of one of the Commonwealth's witnesses who, as related earlier, had missed her ride from her home to the trial in Boston. The prosecutor represented to the court that his office had offered to pay for the witness' transportation, had been in touch with her on June 18, and had expected her to be in court on June 19. The record indicates that the Commonwealth had made a reasonable effort to assure the witness' presence at trial. She did in fact appear and testify at the trial on June 23. We conclude that there was reasonable justification for the continuance. *Commonwealth* v. *Daggett*, 369 Mass. at 794. *Commonwealth* v. *Carr*, 3 Mass. at 657. See ABA Standards Relating to the Administration of Criminal Justice, Speedy Trial, § 2.3 (d) (i) (1974).

Our assessment of each of the continuances leads to the conclusion that the judge was warranted in granting them and that the cumulative delay from January 13 to June 23, 1975, did not abridge the defendant's right to a speedy trial under § 72A. However, we direct attention to the repeated cautionary advice that a judge, when granting a

continuance under this statute, specifically order an extention of the statutory period, stating the reasons therefor. See *Commonwealth* v. *Loftis,* 361 Mass. 545, 549 (1972); *Commonwealth* v. *Boyd,* 367 Mass. 169, 179 (1975); *Commonwealth* v. *Fields,* 371 Mass. at 280, n.8.

The Commonwealth's response to and compliance with the defendant's request for a speedy trial in this case are in marked contrast with those revealed by the record in *Commonwealth* v. *Gove,* 1 Mass. App. Ct. 614 (1973), *S. C.* 366 Mass. 351 (1974), and in *Commonwealth* v. *Alexander, ante,* 212, further appellate review granted, 370 Mass. 866 (1976), the two appellate decisions in this jurisdiction dismissing indictments for failure of the Commonwealth to comply with the requirements of §72A.[5] In *Gove,* the defendant was not brought into court for any disposition for more than fifteen months following his § 72A application; and he was not indicted for the offense charged in the original complaint until some time later. In *Alexander,* eleven months elapsed between the defendant's motion for a speedy trial[6] and his first appearance in court and that appearance was on his motion to dismiss for the Commonwealth's failure to comply with § 72A.

*Judgments affirmed.*

---

[5] In *Commonwealth* v. *Fields,* 371 Mass. 274 (1976), a District Court judge dismissed a complaint against a defendant pursuant to § 72A because no action, either judicial or prosecutorial, was taken for more than eight months after the defendant's application for a speedy trial. The Supreme Judicial Court held that the defendant should not subsequently have been indicted and tried in the Superior Court for the same crime.

[6] The court in *Alexander, ante,* at 214, treated the defendant's motion for a speedy trial as an application under § 72A, not only because the motion cited that section but also because the prosecutor received notice of the claim and the Commonwealth had failed to inform the defendant that he had a right to apply for a speedy trial under § 72A.