COMMONWEALTH *vs.* GLENN MATTSON. June 20, 1978. The defendant appeals from his convictions on three indictments: (1) assault with intent to murder, (2) assault with intent to commit rape, and (3) assault and battery with a dangerous weapon. There was no error in the denial of the defendant's motion to dismiss for lack of a speedy trial for which the defendant had applied pursuant to G. L. c. 277, § 72A, or in the judge's refusal to instruct the jury on the defense of insanity or to permit the defendant to argue that as an issue. 1. The defendant was brought to trial about six weeks following the expiration of the six months' period prescribed by § 72A and approximately four months after the indictments had been placed upon the trial list. The fact that the defendant was not brought to trial or that the indictments were not otherwise disposed of within the statutory period following his application for speedy trial does not automatically require dismissal under § 72A. *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 580 (1977). Compare *Commonwealth* v. *Alexander*, 371 Mass. 726, 728 (1977). In denying the defendant's motion to dismiss the judge ruled that the prosecution was not to be penalized for delays which were caused by court congestion. Delay beyond the six months' period of § 72A is not chargeable against the Commonwealth where the delay results from court congestion and where there is no evidence of oppressive or purposefully dilatory conduct by the prosecution; and it is a fair inference that these delays were inherent in the general problems of the administration of justice in a congested county. *Commonwealth* v. *Ambers*, 4 Mass. App. Ct. 647, 652 (1976). *Commonwealth* v. *Campbell*, *supra.* There was no evidence of such conduct in the present case nor a showing that the defendant was in any way prejudiced by the delay. 2. Since the defense of insanity was not raised by any evidence introduced at trial, the judge did not err in refusing to instruct the jury on that issue or in refusing to allow the defendant to argue that defense as an issue. Such an instruction is not required until some evidence has been introduced which would bear upon the defendant's lack of

criminal responsibility at the time of the commission of the crime. *Commonwealth* v. *McInerney,* 373 Mass. 136, 151-152 (1977). *Commonwealth* v. *Sheehan,* 5 Mass. App. Ct. 754, 762 (1977). The defendant offered no evidence on the issue of insanity; and our review indicates no merit in the defendant's contention that answers elicited during cross-examination of prosecution witnesses and the facts of the crime itself were sufficient to raise the defense of insanity. While that defense may be raised during the course of the Commonwealth's case (*Commonwealth* v. *Kostka,* 370 Mass. 516, 527 n.7 [1976]; *Commonwealth* v. *Laliberty,* 373 Mass. 238, 245 [1977]) or by the facts of the crime itself (*Blaisdell* v. *Commonwealth,* 372 Mass. 753, 765 [1977]; *Commonwealth* v. *Laliberty, supra* at 245), there was no evidence here from either of those sources upon which the defense of insanity could properly be raised.

*Judgments affirmed.*

*James B. Krasnoo* for the defendant.
*Thomas A. Hensley,* Assistant District Attorney, for the Commonwealth.