COMMONWEALTH vs. JOHN J. FARRIS.

Suffolk.   May 3, 1983. — October 5, 1983.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Speedy trial.   *Waiver.*

Where periods of trial delay for which a criminal defendant was responsible or to which he agreed exceeded the number of days the Commonwealth was required to justify under Mass. R. Crim. P. 36, the defendant was not entitled to have the indictments against him dismissed for delay in bringing him to trial.   [304-306]

A trial delay requested or acquiesced in by a criminal defendant is an excluded period for purposes of the prompt trial requirement of Mass. R. Crim. P. 36, even if such period of delay occurs before the expiration of the time provided by the rule for commencement of trial. [304-306]

INDICTMENTS found and returned in the Superior Court Department on September 12, 1980.

A motion to dismiss was heard by *John Paul Sullivan*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Linda M. Poulos*, Assistant District Attorney, for the Commonwealth.

*H. Brooks Whelan, Jr.,* for the defendant.

LIACOS, J.   The defendant filed a motion to dismiss his indictments on June 16, 1982, claiming that he had not been brought to trial within the time required by Mass. R. Crim. P. 36, 378 Mass. 909 (1979).   A hearing commenced twenty days later on July 6, 1982, and was continued to the following day.   On July 7, 1982, a judge in the Superior Court allowed the motion and dismissed the indictments under Mass. R. Crim. P. 36 (b) (1) (D).   The Commonwealth filed a timely notice of appeal, and we granted its application for direct appellate review.   We vacate the order dismissing the

indictments and remand the case to the Superior Court for trial.

The facts relevant to this appeal may be stated briefly. On September 12, 1980, a grand jury returned three indictments charging the defendant with (1) assault and battery by means of certain dangerous weapons, (2) assault by means of a dangerous weapon, and (3) armed assault with intent to murder. Two indictments were also returned against a codefendant, Joel T. Durham.

On September 29, 1980, Farris and Durham were arraigned, and a pretrial conference report was ordered to be filed on October 20, 1980. The report was filed on October 20, and Farris filed various pretrial motions. Farris's case was "continued to January 19, 1981 by agreement for trial. No further continuances." Durham's case was "[c]ontinued to November 3, 1980 for hearing on motions." On October 27, 1980, Durham filed several pretrial motions, and Farris filed affidavits in support of his motions for severance and for a change of venue.

On November 3, 1980, after a hearing, a judge allowed several of Durham's motions. Durham filed additional pretrial motions on November 28, 1980, January 5 and 9, 1981. A hearing was held on January 26, 1981, on a motion to dismiss, which was taken under advisement and later denied on February 3, 1981. On February 10, 1981, Durham's case was "[c]ontinued to March 9, 1981 by agreement."

During this period, Farris's case progressed as follows. On January 9, 1981, he filed a "motion to file motion to suppress late." On February 3, 1981, a hearing was held on Farris's motion for a change of venue. The motion was taken under advisement and denied on February 11, 1981.

The dockets indicate that on December 22, 1981, the cases of both defendants were "[r]eturned to First Session for further action by the Court, i.e. trial status." On January 28, 1982, Durham entered a guilty plea which was accepted. Farris's case was again "[c]ontinued, by agreement, to April 5, 1982 for trial." A transcript of the proceedings of January 28, 1982, indicates that defense counsel

requested a deferral of the trial. The assistant district attorney stated that he had "no objection," but noted that "we are getting close to the limits of Rule 36." He therefore inquired whether the defendant would "waive his Rule 36 rights." Defense counsel stated that he would, and agreed to a trial date of April 5, 1982.

The dockets contain no entries for April 5, 1982. A transcript of the proceedings of the first criminal session on April 5 indicates that both parties answered ready for trial, and that Farris's case was sent to the assistant clerk magistrate for assignment of a trial date. On April 26, 1982, an entry on the dockets indicates that the parties appeared before a Superior Court judge who, "not being able to reach this matter within a week and counsel requesting a June date — . . . refer[red] this matter back to the First Session for reassignment." On the same day, the docket indicates that the parties appeared before a magistrate and agreed to continue the case to June 15, 1982, for trial. The magistrate also entered an order which ruled that, on the court's own motion, the case was being continued, in the interest of justice, under Mass. R. Crim. P. 36 (b) (2) (F), because of "congestion of the session."

On June 16, 1982, Farris filed his motion to dismiss under rule 36. Over his objection, the case was set for trial on June 21, 1982.[1] The docket entries for June 21 indicate that the case was "[h]eld for trial subject to session availability." On the next day, the case was set for trial on July 8, over the defendant's objection. On July 1, action on the motion to dismiss was deferred to permit the Commonwealth to assemble a record.[2] On July 6, a hearing commenced on the motion to dismiss. The hearing continued the next day.

---

[1] On June 16, 1982, Farris also filed a motion to allow the introduction of polygraph evidence. The motion was denied on June 21, 1982. On that date, Farris filed a motion for examination of prospective jurors.

[2] The judge endorsed the motion to dismiss, stating that he was allowing the Commonwealth "time to assemble the record and obtain transcripts of prior proceedings" and that "[docket] entries indicate several continuances by agreement of the parties."

The judge allowed the motion and dismissed the indictments. The judge found that, without consideration of any excluded periods under Mass. R. Crim. P. 36 (b) (2), Farris should have been tried on or before March 29, 1982. He then found that thirty-two days were excludable on the ground that motions of either Farris or Durham were being heard and were taken under advisement. Thus, the date within which Farris was to be tried was extended to April 30, 1982. He found no other excludable periods. He ruled that, while Farris validly waived his rights under the rule on January 28, 1982, the waiver was a nullity, since the date set for trial was within the limits of the rule. He ruled that no period of time between April 5 and April 26, 1982, was to be excluded. He also ruled that the period between April 26 and June 15, 1982, was not to be excluded because the continuance was granted by an assistant clerk magistrate who lacked authority to make findings and grant continuances under the rule. He also rejected claims that the time spent on sending the case from one session to another session should be excluded, that overlapping days should be counted more than once, and that Farris acquiesced in certain delays.

The record before us consists of the judge's findings of fact, rulings of law and order on the defendant's motion to dismiss; a transcript of the hearings held on July 6 and 7, 1982; a partial transcript of the proceedings of the first criminal sessions of January 28, 1982, and April 5, 1982; the dockets in the cases of Farris and Durham; copies of the indictments, various motions and court papers; two Superior Court trial progress reports dated April 5, 1982, and June 15, 1982; and an order of a clerk magistrate granting a continuance in the interest of justice because of court congestion pursuant to Mass. R. Crim. P. 36 (b) (2) (F).

As we said in *Barry* v. *Commonwealth, ante* 285, 289 (1983), "we are in as good a position as the judge below to decide whether the time limits imposed by the rule have run." This is so because "[w]hen a claim is raised under rule 36, the docket and minutes of the clerk are prima facie

evidence of the facts recorded therein."[3] *Id.* The other portions of the record are also documents which we can evaluate as well as the judge below. "In these circumstances, while we will give deference to the determination made by the judge below, we may reach our own conclusions." *Id.* at 289-290.

This appeal can be disposed of by application of the principles enunciated today in *Barry* v. *Commonwealth, supra.* The "return day" was September 29, 1980, the day Farris was first before the court to answer to the charges against him.[4] See Mass. R. Crim. P. 2 (b) (15), 378 Mass. 844 (1979). Since this date fell within the second twelve-month period after the effective date of the Rules of Criminal Procedure (July 1, 1979), Farris was to be tried within eighteen months. Mass. R. Crim. P. 36 (b) (1) (B), 378 Mass. 909 (1979). The eighteen-month period expired on March 29, 1982, and a prima facie showing of delay is established by the docket. The Commonwealth, therefore, is required to show that the delay was justified.

Delay can be justified by showing that certain periods should "be excluded in computing the time within which

---

[3] This is also so because the judge's exercise of discretion extends only to determining "whether a proffered explanation for delay is a valid excluded period." Reporters' Notes to Mass. R. Crim. P. 36, Mass. Ann. Laws, Rules of Criminal Procedure at 527 (1979). Once that determination is made, the period is excluded automatically.

[4] Farris has argued that the time period provided by subdivision (b) (1) should begin to run on July 25, 1980, when he was arrested and arraigned in the Charlestown Division of the District Court Department. He argues that the rule can be abused by subsequently obtaining indictments in the Superior Court, and that we should incorporate the standard under the Sixth Amendment to the Constitution of the United States. Farris concedes that the explicit language of the rule is to the contrary. We do not see any merit in the argument. The claim of a denial of a constitutional right to a speedy trial is distinct from a claim of a violation of rule 36. A constitutional claim has not been raised in this case.

Farris has not argued whether the period after June 16, 1982, the date of the filing of the motion to dismiss, should be excluded in the circumstances of this case. We, therefore, do not consider the point. The parties agree that the Commonwealth had to justify seventy-nine days of delay.

the trial of any offense must commence." Mass. R. Crim.
P. 36 (b) (2). In *Barry* v. *Commonwealth, supra* at 295, we
affirmed our statement in *Commonwealth* v. *Look*, 379
Mass. 893, 898 n.2, cert. denied, 449 U.S. 827 (1980), and
agreed with the statement of the Reporters' Notes that
periods of delay, "in which a defendant acquiesces, for
which he is responsible, or from which he benefits should be
treated as excluded periods and 'are not to be included in
the calculation of the time limits of this rule.'" Reporters'
Notes to Mass. R. Crim. P. 36, *supra* at 527.

We reasoned in *Barry* that "because the opportunity con-
ferred by the rule is not a fundamental constitutional right,
or even a right created by statute, the application of 'tradi-
tional indicia of waiver of rights' is appropriate.[5] *Com-
monwealth* v. *Carr*, 3 Mass. App. Ct. 654, 656 (1975). See
*Commonwealth* v. *Davis*, 367 Mass. 422, 423-424 (1975)."
*Commonwealth* v. *Barry, supra* at 296. Thus, "[w]hen a
defendant has agreed to a continuance, or has not entered
an objection to delay, he will be held to have acquiesced in
the delay. See *Commonwealth* v. *Daggett*, 369 Mass. 790,
793 (1976); *Commonwealth* v. *Loftis*, [361 Mass. 545,
549-550 (1972)]; *Commonwealth* v. *Campbell*, 5 Mass.
App. Ct. 571, 577-578 (1977), limited on other grounds,
*Commonwealth* v. *Look*, 379 Mass. 893, 901 (1980); *Com-
monwealth* v. *Ambers*, 4 Mass. App. Ct. 647, 652-653
(1976); *Commonwealth* v. *Carr, supra* at 657." *Barry* v.
*Commonwealth, supra* at 298.

We now apply these principles to the case at bar. The
docket indicates that Farris acquiesced in, and was respons-
ible for, delay on several occasions. Specifically, the dock-
ets indicate that the case was continued by agreement for
trial on three separate occasions. On the first occasion, Oc-
tober 20, 1980, the case was continued for trial until Jan-
uary 19, 1981. The defendant entered no objection on

---

[5] We also found this reading of the rule to be consistent with its purpose
as a case management tool and with the public interest. *Barry* v. *Com-
monwealth, supra* at 295-296.

January 19, 1981, when the trial did not commence. Indeed, ten days before, he had filed a motion to file a suppression motion late. On the second occasion, January 28, 1982, the case was set to commence, and Farris requested a delay. He specifically waived his rights under the rule and agreed to a continuance until April 5, 1982. On the third occasion, April 26, 1982, the minutes indicate that the parties appeared before a judge in the Superior Court and requested a June trial date. The judge sent the case back to first session for reassignment. The parties appeared before an assistant clerk magistrate and agreed to continue the case for trial until June 15, 1982.[6] Not until June 22, 1982, did Farris enter an objection when the trial did not commence, and July 8 was designated as the trial date.

In these circumstances, the periods from the date of the continuance until the date set for trial, or the date the defendant objects to the failure of the trial to commence, whichever is later, are not to be included in the calculation of the time limits of this rule. The fact that such a continuance did not extend beyond the time limits imposed by the rule is irrelevant. See *Commonwealth* v. *Loftis, supra* at 549-550; *Commonwealth* v. *Jones,* 6 Mass. App. Ct. 750, 752-753 (1978). These periods exceed the number of days which the Commonwealth had to justify. We hold that the judge erred in granting the motion to dismiss.[7] We need not go further.

---

[6] We do not reach the question whether the magistrate had authority under the rule to find that a continuance should be granted under subdivision (b) (2) (F). There was no objection to the granting of the continuance at the time the magistrate entered his order.

[7] The circumstances of the present case demonstrate the wisdom of applying a doctrine of waiver. During the period between October 20, 1980, and April 5, 1982, the defendant did not complain of any delay and took actions which caused it. When the case was not tried in April, 1982, he assented to an additional delay of over six weeks. "[I]n the circumstance of these cases, it would be unconscionable to permit the defendant to take advantage of a situation where a substantial part of the delay in the disposition of the cases was obviously caused by him and, in addition, was for his benefit." *Commonwealth* v. *Loftis, supra* at 549-550.

The order dismissing the indictments is vacated, and the case is remanded to the Superior Court.

*So ordered.*