COMMONWEALTH *vs.* EDSON K. STEWART. February 10, 1972. This case involves the application of G. L. c. 277, § 72A, as appearing in St. 1965, c. 343, granting to certain defendants the right to apply for a "prompt trial or other disposition" of any indictment, information or

complaint brought against them. Complaints were filed and warrants issued by the District Court of Eastern Franklin on September 15, 1969, charging the defendant with unauthorized use of a motor vehicle, breaking and entering a building in the daytime with the intent to commit a felony, stealing in a building, putting in fear for the purpose of stealing in a building, and unlawful escape. At the time that these warrants were issued, the defendant was incarcerated at the Massachusetts Correctional Institution at Walpole. On December 2, 1969, the defendant, pursuant to G. L. c. 277, § 72A, made application to the District Court for a prompt trial or other disposition of the complaints. In January, 1970, he was indicted and convicted of the unlawful escape charge. In May, 1970, he was indicted for the other crimes contained in the earlier complaints and was tried on those indictments on September 29, 1970. Prior to trial the defendant's motion to dismiss the indictments for failure to afford him a speedy trial was denied. The case is before us on his exception to that ruling. The judge was correct in denying the motion. We are not faced here with any constitutional questions involving delay so long that a presumption arises that a fair trial cannot be had. *Commonwealth* v. *Green,* 353 Mass. 687, 689–690. Rather, we interpret a statute which establishes a priority for trials of defendants who are already in custody. *Commonwealth* v. *Lauria,* 359 Mass. 168, 171. The statute provides that within six months after the defendant's application is received by the court, he shall "be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order." G. L. c. 277, § 72A. In this case, the indictments returned in May, 1970, and the complaints filed in the District Court were for the same offences. The return of the indictments some five months after the defendant's application was made had the effect of dismissing the complaints and was, therefore, a "disposition" of them within the meaning of the statute. So construed, the time period contained in the statute and applicable to the present indictments began to run in May, 1970, the date upon which the indictments were returned. See *Commonwealth* v. *Royce,* 358 Mass. 597, 599. Cf. *Schlinsky* v. *United States,* 379 F. 2d 735, 737 (1st Cir.); *Commonwealth* v. *Horan,* 360 Mass. 739. Since the defendant was tried within less than five months from that time the judge was correct in denying the defendant's motion to dismiss.

*Exceptions overruled.*

*Francis E. Dolan, Jr.,* for the defendant.
*Jack D. Curtiss,* Assistant District Attorney, for the Commonwealth.