COMMONWEALTH vs. LOUIS D. ALEXANDER.

Bristol.    October 15, 1975. — March 30, 1976.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Practice, Criminal,* Speedy trial.

A motion by an incarcerated defendant for a speedy trial in which he
    invoked the provisions of G. L. c. 277, § 72A, was to be treated as
    an application for a speedy trial under § 72A. [213-214]
The fact that a defendant who had moved for a speedy trial pursuant
    to G. L. c. 277, § 72A, was not brought to trial for eleven months
    following his motion required dismissal of the indictment. [214-215]

INDICTMENT found and returned in the Superior Court
on March 3, 1971.

A pre-trial motion was heard by *Taveira,* J., and the
case was tried before *Chmielinski,* J.

*Lois M. Lewis* for the defendant.

*Walter P. Faria,* Assistant District Attorney, for the
Commonwealth.

ARMSTRONG, J.    The defendant was indicted for rape
on March 3, 1971, and (after a delay caused by his flight
from Massachusetts) pleaded not guilty on August 23,
1972. On November 21, 1972, he was sentenced to a State
correctional institution on unrelated charges. On March
6, 1973, while serving that term, he filed a motion (invok-
ing both the Federal and State Constitutions and G. L.
c. 277, § 72A) for speedy trial on the rape indictment, or, in
the alternative, for dismissal thereof. The motion was ac-
companied by a certificate of service stating that a copy
of the motion had been sent to the district attorney.

The docket contains no further entries until January,
1974, when the motion was set down for hearing, and pro-
cess issued to obtain the defendant's presence in court at
that time. The hearing took place on February 6, 1974,
and counsel for the defendant (present counsel) argued,

citing *Commonwealth* v. *Gove,* 1 Mass. App. Ct. 614 (1973),[1] that § 72A required dismissal due to the failure to bring the defendant into court within six months of his motion for speedy trial.

On April 11, 1974, the motion was denied and the case was scheduled for a June trial. Due to the defendant's illness in June, the case was continued to November, 1974, and the defendant was then tried and convicted. In this appeal he assigns as error several matters, of which it is necessary to discuss only the denial of the motion for speedy trial.

The first question is whether the defendant's motion for speedy trial is to be treated as if it were an application under § 72A. The application which § 72A contemplates is forwarded to the court by the Commissioner of Correction, along with a certificate by the Commissioner describing the applicant's penal status. The Commissioner is also required to notify the appropriate district attorney. The burden thereafter is on the Commonwealth to ensure that the applicant is brought before the court for trial or other disposition within six months from the filing of the application in court. *Commonwealth* v. *Gove,* 1 Mass. App. Ct. at 619 (1973). In this respect a motion for speedy trial could be thought to differ in legal consequence from a § 72A application, because the mere filing of such a motion is normally regarded as only preliminary to the definitive step of presenting it to a judge. *Commonwealth* v. *Marsh,* 354 Mass. 713, 716-718 (1968).[2] *Commonwealth* v. *Lauria,* 359 Mass. 168, 170 (1971).

---

[1] *S.C.* 366 Mass. 351 (1974).

[2] Note, however, the statement at 717, fn. 5: "That less [than presentation of the motion to a judge] may be sufficient if the defendant is without counsel is implicit in *Commonwealth* v. *Needel,* 349 Mass. 580 [1965]." The motion in the present case was filed by the defendant pro se, and although the defendant had been represented by counsel at and shortly after arraignment, the defendant's brief asserts that he was without counsel when the motion was filed. The docket entries do not indicate a withdrawal of counsel, but new counsel appeared for the defendant on May 21, 1973, and present counsel appeared on January 29, 1974.

We do not feel that that distinction can appropriately be made the ground of decision in this case, for these reasons. First, the motion specifically asserted that it sought a speedy trial under § 72A. Second, a certificate of service, not questioned by the Commonwealth, indicates that a copy of the motion was sent to the district attorney, thus giving the Commonwealth notice of the claim.[3] Third, and most important, we do not feel justified in deviating from the statement of the Supreme Judicial Court in *Commonwealth* v. *Boyd,* 367 Mass. 169, 177 (1975), that "in the absence [as in the present case] of an indication that the defendant was given notice of his right to apply, as required by the statute, we treat the motion for a speedy trial as satisfying the application requirement."

Because the motion in this case must be treated as an application under § 72A, we are left with a case like *Commonwealth* v. *Gove, supra,* where more than six months from the filing of the application went by without the defendant's having been brought into court for trial or other disposition, as required by § 72A (contrast *Commonwealth* v. *Daggett,* 369 Mass. 790, 792 [1976]) and where no order of the court extending the time for trial or other disposition was entered within the statutory six months (contrast *Commonwealth* v. *Loftis,* 361 Mass. 545, 548-549 [1972], *Commonwealth* v. *Daggett,* 369 Mass. 790, 793-794 [1976], and *Commonwealth* v. *Carr,* 3 Mass. App. Ct. 654, 657 [1975]). The defendant did not seek or assent to any continuance during the six-month period (contrast *Commonwealth* v. *Daggett,* at 793; *Commonwealth* v. *Carr,* at 656-657). Nor was any part of the delay during the eleven months following the filing of the application caused by the defendant or for his benefit (contrast *Commonwealth*

---

[3] We attribute no significance to the absence of a certificate concerning the penal status of the defendant, which would have accompanied a § 72A application, as the only purpose which seems to be served by such a certificate is to advise the district attorney and the court of any possibility that the defendant might be released from custody in the near future. The Supreme Judicial Court in the *Boyd* case (see text, *infra*), apparently attributed no significance to the absence of such a certificate.

v. *Loftis,* at 549-550; *Commonwealth* v. *Boyd,* 367 Mass. 169, 178-179 [1975]).

The Commonwealth's argument concerning the lack of prejudice to the defendant is not material, as was held in *Commonwealth* v. *Gove,* 1 Mass. App. Ct. at 619, nor are the differences in length of delay between that case (fifteen months) and this (eleven months). Following the mandate of § 72A, as previously interpreted and applied by this court[4] in *Commonwealth* v. *Gove,* we have no choice but to rule that the charge of rape against the defendant should have been dismissed.

> *Judgment reversed, verdict set aside, order to be entered dismissing indictment.*

---

[4] This aspect of our decision in the *Gove* case was not reviewed by the Supreme Judicial Court due to the fact that the Commonwealth did not seek further appellate review. See *Commonwealth* v. *Boyd,* 367 Mass. 169, 179, fn. 1 (1975).