Commonwealth *v.* Alexander.

COMMONWEALTH *vs.* LOUIS D. ALEXANDER.

Bristol.    September 14, 1976. — January 20, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Speedy trial.

The provisions of G. L. c. 277, § 72A, do not require automatic dismissal of an indictment after the statutory period has expired. [727-728]

Where a criminal defendant who filed a motion for a speedy trial under the provisions of G. L. c. 277, § 72A, was not granted a hearing on the motion until eleven months later, and the Commonwealth gave no reason to justify the delay, he was entitled to dismissal of the indictment. [728-731]

INDICTMENT found and returned in the Superior Court on March 3, 1971.

A pre-trial motion was heard by *Taveira,* J., and the case was tried before *Chmielinski,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Walter P. Faria,* Assistant District Attorney, for the Commonwealth.

*Lois M. Lewis* for the defendant.

QUIRICO, J.    The Commonwealth seeks further appellate review of a decision of the Appeals Court[1] reversing the defendant's conviction and dismissing the indictment against him because of a violation of his statutory right

[1] *Commonwealth* v. *Alexander,* 4 Mass. App. Ct. 212 (1976).

to a "prompt trial" under G. L. c. 277, § 72A.[2] We granted the Commonwealth's application under G. L. c. 211A, § 11. We now reverse the judgment of the Superior Court, but we do so on a somewhat different analysis of the statute from that adopted by the Appeals Court.

The defendant was indicted for rape on March 3, 1971, and after a delay caused by his flight from Massachusetts, he pleaded not guilty on August 23, 1972. On November 21, 1972, he was sentenced to the Massachusetts Correctional Institution at Walpole on unrelated charges. On March 6, 1973, while in custody under that sentence, he filed a motion for speedy trial and, in the alternative, for dismissal of the indictment based on the Federal and State Constitutions and on G. L. c. 277, § 72A.[3] No further

---

[2] General Laws c. 277, § 72A, as appearing in St. 1965, c. 343, provides: "The commissioner of correction, the sheriff, master or keeper of a jail or house of correction, or in Suffolk county, the penal institutions commissioner of the city of Boston, shall, upon learning that an untried indictment, information or complaint is pending in any court in the commonwealth against any prisoner serving a term of imprisonment in any correctional institution, jail or house of correction, which is under his supervision or control, notify such prisoner in writing thereof, stating its contents, including the court in which it is pending, and that such prisoner has the right to apply, as hereinafter provided, to such court for prompt trial or other disposition thereof.

"Such application shall be in writing and given or sent by such prisoner to the commissioner of correction, or such sheriff, master, keeper or penal institutions commissioner, who shall promptly forward it to such court by certified mail, together with a certificate of said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner, stating (*a*) the term of commitment under which such prisoner is being held, (*b*) the amount of time served, (*c*) the amount of time remaining to be served, (*d*) the amount of good time earned, (*e*) the time of parole eligibility of such prisoner, and (*f*) any decisions of the board of parole relating to such prisoner. Said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner shall notify the appropriate district attorney by certified mail of such application to the court.

"Any such prisoner shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order."

[3] In the circumstances of this case, where the district attorney received notice of the motion and where there was no showing that the defendant was notified of his right to apply under G. L. c. 277, § 72A,

entries appear on the docket until January, 1974, when the motion was set down for hearing. The hearing was held on February 6, 1974, and the motion was denied on April 11, 1974. The Commonwealth offered no explanation for the eleven months' delay between the filing of the motion and the hearing. The defendant was tried and convicted of rape in November, 1974.

General Laws c. 277, § 72A, provides that a prisoner who applies for a "prompt trial . . . shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order." In this case and in *Commonwealth* v. *Gove,* 1 Mass. App. Ct. 614 (1973), aff'd on other grounds, 366 Mass. 351 (1974), the Appeals Court has held that where delay was neither attributable to the defendant nor for his benefit, a six months' delay after application for a prompt trial under this statute requires automatic dismissal of the indictment. Since the Commonwealth did not seek further review of this aspect of the Appeals Court decision in *Commonwealth* v. *Gove, supra,* we had no occasion to decide whether a delay exceeding the statutory period required automatic dismissal in that case. See *Commonwealth* v. *Fields, ante,* 274, 281 (1976); *Commonwealth* v. *Boyd,* 367 Mass. 169, 179 n.1 (1975). While the defendant in this case was denied his statutory rights and the indictment must be dismissed, we think the statute does not mandate a per se rule of dismissal after the statutory period has expired.

We have recently discussed G. L. c. 277, § 72A, at some length in *Commonwealth* v. *Fields, supra* at 277-281 (1976), and no good purpose would be served by extensive repetition. The statute "should not be seen as a broad-gauge legislative attempt to help solve the problems underlying the concept of 'speedy trial.' The statute has a more re-

---

the Appeals Court correctly treated this motion as the legal equivalent of an application under G. L. c. 277, § 72A. *Commonwealth* v. *Alexander, supra* at 213-214. See *Commonwealth* v. *Boyd,* 367 Mass. 169, 177 (1975).

stricted application. It 'establishes a priority for trials of defendants who are already in custody.' *Commonwealth* v. *Stewart,* 361 Mass. 857, 858 (1972). *Commonwealth* v. *Lauria,* 359 Mass. 168, 171 (1971). It furnishes a ready method for inmates to accelerate action on possible further impediments to their freedom." *Commonwealth* v. *Gove,* 366 Mass. 351, 355 (1974).

In light of this limited purpose, we have previously stated that "General Laws c. 277, § 72A, *does not compel* a judge to dismiss an indictment if the case is not tried or otherwise disposed of within six months after an application for a speedy trial is 'received by the court'" (emphasis supplied). *Commonwealth* v. *Fields, supra* at 280-281, quoting from *Commonwealth* v. *Loftis,* 361 Mass. 545, 549 (1972). *Commonwealth* v. *Daggett,* 369 Mass. 790, 792-793 (1976). When the delay is ordered to assist the defendant in his defense, or is assented to or caused by the defendant, or otherwise redounds to his benefit, dismissal of the indictment is not necessary. *Commonwealth* v. *Daggett, supra* at 792-793. *Commonwealth* v. *Boyd,* 367 Mass. 169, 179 (1975). *Commonwealth* v. *Loftis, supra.* A defendant who is responsible for delay exceeding the statutory period is correctly precluded from "insist[ing] upon strict adherence to the exact six-month period." *Commonwealth* v. *Daggett, supra* at 793. These decisions alone render inappropriate any invariable rule requiring immediate dismissal of an indictment when the statutory period has expired.

Where the defendant has neither caused the delay nor benefited from it, the statute does not inexorably render indictments ineffective after six months. Such a mechanistic approach is not required by the language of the statute and does not appear to have been contemplated by the Legislature.[4]

---

[4] General Laws c. 277, § 72A, does not set forth the "consequence of a failure to comply with its provisions." *Commonwealth* v. *Fields, ante,* 274, 280 (1976), quoting from *Commonwealth* v. *Gove,* 1 Mass. App. Ct. 614, 619 (1973), aff'd on other grounds, 366 Mass. 351 (1974). In the *Gove* case, at 618, the Appeals Court observed that its "legisla-

The salient fact in this case is the eleven-month period following the defendant's motion for a prompt trial during which the Commonwealth apparently took no action whatsoever. The Commonwealth was simply unable to justify this long delay. Its first argument that the defendant's 1971 flight from Massachusetts occasioned the delay in 1973-1974 is not responsive. Its second argument that the defendant suffered no prejudice from the delay, despite the defendant's claim that three of his alibi witnesses had become unavailable neither justifies nor explains the absence of any action by the Commonwealth.

Where no adequate explanation is offered for the delay in this case, we need not discuss what factors might excuse delay beyond the statutory period in future cases.[5] Where "the delay or lack of any activity occurred in circumstances neither caused by nor attributable to the defendant," *Commonwealth* v. *Fields, ante,* 274, 281 (1976), the Commonwealth must at the very least, explain why such delay is "reasonably necessary and justifiable." *Commonwealth* v. *Boyd,* 367 Mass. 169, 179 (1975). This is the same standard used where the Commonwealth seeks a continuance before the expiration of the six-month

tive history . . . is notable for the absence of any express indication of legislative purpose or intended result," but relied on *Strunk* v. *United States,* 412 U.S. 434, 437-440 (1973), to hold that dismissal of the indictment was the only proper remedy for a statutory violation. Several prior drafts of G. L. c. 277, § 72A, provided that "[i]n the event that the action is not brought to trial within the period of time provided, no court of the commonwealth shall any longer have jurisdiction nor shall the untried indictment or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." 1959 House Doc. No. 473. See 1959 House Doc. Nos. 1960, 2873; 1960 House Doc. Nos. 578, 584, 3036; 1961 House Doc. Nos. 228, 2157; 1961 Senate Doc. No. 563; 1963 House Doc. Nos. 1232, 3406; 1963 Senate Doc. No. 813; 1965 House Doc. No. 219; Thirty-Fifth Report of the Judicial Council, Pub. Doc. No. 144, 52-54 (December, 1959), 44 Mass. L.Q. No. 4, at 52-54 (1959). Such mandatory language is not contained in the statute as enacted.

[5] See *Commonwealth* v. *Boyd,* 367 Mass. 169, 179 n.2 (1975), citing ABA Standards Relating to the Administration of Criminal Justice, Speedy Trial § 2.3 (1974), and commentary in Approved Draft (1968). *Commonwealth* v. *Ambers,* 4 Mass. App. Ct. 647 (1976).

period. *Commonwealth* v. *Fields, supra* at 280-281. *Commonwealth* v. *Boyd, supra* at 179 n.2. *Commonwealth* v. *Loftis,* 361 Mass. 545, 549 (1972). *Commonwealth* v. *Ambers,* 4 Mass. App. Ct. 647 (1976). But, where, as in this case, the Commonwealth has not offered any explanation or justification for the delay, the defendant is entitled to relief.

We believe it appropriate to suggest at this point that the Commonwealth might have attempted to protect itself from the dismissal of the indictment in this case by the timely filing and prompt prosecution of a motion in the Superior Court seeking an extension of the statutory period fixed by G. L. c. 277, § 72A, stating in the motion or an affidavit incorporated therein, the reasons in support of the requested extension. In the *Boyd* case, *supra* at 179, we said: "[W]e emphasize again, as we did in the *Loftis* case [*supra* at 549], that the advisable procedure in cases arising under § 72A is that the judge specifically order an extension of the statutory period, stating his reasons, where a delay is reasonably necessary and justifiable."

Because our decision is based on G. L. c. 277, § 72A, we do not reach the defendant's related but distinct claim of denial of his rights to a speedy trial under the United States Constitution and our Declaration of Rights. See *Commonwealth* v. *Fields, ante,* 274, 279-280 (1976). Nor need we address the defendant's remaining claims of error.

The judgment of the Superior Court is reversed, the verdict is set aside, and an order is to be entered dismissing the indictment.

*So ordered.*