COMMONWEALTH *vs.* ROBERT A. DONATI.

Suffolk.    November 7, 1977. — December 1, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal,* Speedy trial, Dismissal.   *Words,* "Disposition."

Under the provisions of G. L. c. 277, § 72A, the six-month period for
   disposition of a pending indictment commences when a defendant's
   application is received by the clerk's office and not the date on which
   the application is docketed. [770]
The fact that a defendant who applied for a speedy trial pursuant to
   G. L. c. 277, § 72A, expressed in open court his desire to plead guilty
   to the pending indictments did not justify a delay beyond the statu-
   tory six-month period in disposing of the indictments. [770-771]
A criminal defendant's arraignment on indictments did not constitute
   a "disposition" of them within the meaning of G. L. c. 277, § 72A.
   [771]
A delay in the disposition of pending indictments beyond the six-month
   period permitted by G. L. c. 277, § 72A, was not justified by the
   defendant's failure to appear in court when the indictment was
   called and to object to a continuance where the defendant was in-
   carcerated in the custody of the Commonwealth and the Common-
   wealth did not have him brought into court on that date and where
   it did not appear that his counsel had received notice that the indict-
   ment was to be called. [771]

INDICTMENTS found and returned in the Superior Court
on October 29, 1975.

Motions to dismiss were heard by *Ford,* J.

*Thomas E. Peisch,* Special Assistant District Attorney,
for the Commonwealth.

*Willie J. Davis* for the defendant.

WILKINS, J.   The Commonwealth appeals (G. L. c. 278,
§ 28E) from the allowance of the defendant's motion to
dismiss four indictments, pursuant to G. L. c. 277, § 72A.
The defendant based his motion on the claim that he was
not brought to trial and the indictments were not other-
wise disposed of within six months after his application for
a prompt trial was received by the court.

The defendant was indicted on October 29, 1975, for unlawfully carrying a firearm in a motor vehicle, conspiring to issue forged instruments, unlawful possession of counterfeit currency, and receiving stolen property. These indictments did not come to his attention until June, 1976. He then filed an application for a prompt trial in each of these cases. The applications were stamped as received by the clerk's office on June 28, 1976, but the respective dockets indicate that the applications were filed on August 25, 1976. The judge found that the applications were received by the clerk's office on June 28, 1976. The judge allowed the motion to dismiss which was filed on January 4, 1977. There was no error.

The Commonwealth agrees that the clerk places a time stamp on documents when they are received but argues that the operative date for the commencement of the six-month period set forth in G. L. c. 277, § 72A, is the date an application is docketed. Under § 72A, the six-month period commences when the "application is received by the court." *Commonwealth* v. *Daggett,* 369 Mass. 790, 792 n.1 (1976). We agree with the judge that the significant date is the date of receipt by the clerk's office and that any delay or error in docketing an application after receipt cannot be relied on by the Commonwealth to defer the commencement of the six-month period.

If six months have passed without a trial or other disposition of a case subject to an application under G. L. c. 277, § 72A, dismissal of the case is not required automatically. See *Commonwealth* v. *Fields,* 371 Mass. 274, 280-281 (1976). For example, the defendant may have caused or requested the delay or the judge may have determined that a continuance beyond the statutory period was reasonably necessary and justifiable. *Commonwealth* v. *Boyd,* 367 Mass. 169, 179 (1975). However, there must be some adequate explanation or justification of the delay. *Commonwealth* v. *Alexander,* 371 Mass. 726, 730 (1977). The Commonwealth advances three reasons why one or more of the indictments should not have been dismissed.

The Commonwealth argues that the defendant con-

tributed to the delay. In October, 1976, his counsel represented in open court that the defendant wished to plead guilty, in the hope that any sentence imposed would run concurrently with a sentence he was then serving. The defendant requested no continuances and did not act in any way to cause a delay. In fact, his interest in October, as expressed by counsel, was to obtain a prompt disposition of the indictments. As time passed, the stated reason for the defendant's willingness to plead guilty became less significant to him, as should have been apparent to the Commonwealth. There was no showing that the Commonwealth delayed prosecution in reasonable reliance on the defendant's representation that he would plead guilty. We conclude that the defendant's earlier willingness to plead guilty is not an adequate explanation or justification for the delay.

The Commonwealth argues next, as to two indictments, that the arraignment of the defendant on those indictments on September 20, 1976, was "a disposition" meeting the requirements of § 72A. The fact that, in circumstances not involved here, an indictment may cause the dismissal, and hence disposition, of a pending District Court complaint (*Commonwealth* v. *Stewart*, 361 Mass. 857 [1972]), provides no analogy helpful to the Commonwealth. An arraignment on an indictment hardly can be treated as a disposition of the indictment itself.

Finally, as to one indictment, the Commonwealth argues that the delay was justified because the defendant failed to appear when the indictment was called on December 23, 1976, and then continued because the defendant was not in court. This argument is wholly lacking in merit. The defendant was not in court because he was incarcerated in the custody of the Commonwealth, and the Commonwealth did not seek to have him brought into court on that date. Additionally, the defendant's failure to object to the continuance is fully explained by the absence of any showing that his counsel received notice that the indictment was to be called.

We have disposed of the Commonwealth's appeal on the

basis that the dismissals were required under G. L. c. 277, § 72A, because six months expired without a trial or other disposition of the indictments and the Commonwealth failed to justify the delay. Consequently, it is not necessary to consider whether, in particular circumstances, a judge in his discretion may dismiss an indictment because of unjustified delay in bringing a defendant to trial, even if such a dismissal is not compelled by § 72A or by constitutional considerations. Cf. *Commonwealth* v. *Brandano*, 359 Mass. 332, 336-337 (1971).

*Order dismissing the indictments affirmed.*