COMMONWEALTH *vs.* ROOSEVELT CLADY.

Suffolk.    April 12, 1978. — June 16, 1978.

Present: HALE, C.J., KEVILLE, & BROWN, JJ.

*Practice, Criminal*, Speedy trial.

A defendant against whom complaints were issued while he was serv-
ing a sentence in a house of correction was denied his right to a
speedy trial under G. L. c. 277, § 72A, where the failure of the
correctional authorities to notify him that the complaints were
pending resulted in a thirty-month delay between issuance of the
complaints and his trial on the corresponding indictments. [448–
451]

INDICTMENT found and returned in the Superior Court
on May 16, 1977.

The case was tried before *Roy*, J.

*Beth H. Saltzman* for the defendant.

*John W. Gibbons*, Assistant District Attorney (*Joseph
S. Ayoub, Jr.*, Special Assistant District Attorney, with
him) for the Commonwealth.

HALE, C.J. After a jury trial held pursuant to G. L.
c. 278, §§ 33A–33G, the defendant was found guilty on an
indictment charging assault and battery on a correction
officer and was sentenced.[1] He appeals from his convic-
tion assigning as error the denial of his motions to dis-
miss, one brought pursuant to G. L. c. 277, § 72A, as
appearing in St. 1965, c. 343, and the other on the ground
that he did not receive a speedy trial as required by the
Sixth Amendment to the United States Constitution.
Since our decision on the motion under § 72A is disposi-

---

[1] The defendant was acquitted on another indictment charging as-
sault and battery by means of a dangerous weapon on a second correc-
tion officer.

tive, we do not reach the defendant's constitutional arguments.

The motions were heard by a judge of the Superior Court on an agreed statement of facts. The appeal is before us on the agreed statement of facts supplemented by a further stipulation of the parties entered into at the request of this court. See *Commonwealth* v. *Clarke,* 350 Mass. 721, 722 (1966). For the following reasons we hold that the defendant was denied his right to a speedy trial or other disposition of the charge against him, as afforded by G. L. c. 277, § 72A.

The facts agreed to by the Commonwealth and the defendant indicate that complaints and arrest warrants, corresponding to the indictments on which he was later tried, were issued against the defendant in a District Court on October 4, 1974, following an incident which occurred while the defendant was incarcerated at the Suffolk County house of correction (Deer Island). The correction officers involved filed an internal incident report setting forth the alleged assault and battery. There was evidence in the file at the institution which indicated that the deputy master had been informed of the officers' intention to seek complaints and of the fact that the complaints had been sought. The arrest warrants were not lodged against the defendant at Deer Island, nor were they served on him upon his release from custody on May 10, 1976. The complaints remained outstanding for nineteen months while he was being held at Deer Island and at a Boston pre-release center, and for another twelve months during which time the defendant was not incarcerated. The defendant was not informed that these charges were pending against him until he was arrested on an unrelated matter in April, 1977. He was indicted on the charges in May, 1977, and the trial was held in July, 1977.

The Massachusetts speedy trial statute, G. L. c. 277, § 72A, establishes a priority for defendants already serving a prison term. *Commonwealth* v. *Stewart,* 361 Mass.

857, 858 (1972). *Commonwealth* v. *Gove*, 366 Mass. 351, 355 (1974). It provides that the master of a house of correction "shall, upon learning that an untried indictment, information or complaint is pending in any court in the Commonwealth against any prisoner . . . [under his] control, notify such prisoner in writing" of the charges and inform him that he "has the right to apply . . . to such court for prompt trial or other disposition thereof." Unlike the Sixth Amendment constitutional right, the statutory right accorded to an incarcerated defendant is based almost exclusively on delay. If the defendant's case has not been disposed of in some way within six months after he makes his request under § 72A, and the delay is not caused by the defendant or for his benefit, the court may dismiss the charges (*Commonwealth* v. *Gove*, 1 Mass. App. Ct. 614, 619 [1973], *S.C.* 366 Mass. 351 [1974]) absent factors which might excuse the delay beyond the statutory period. *Commonwealth* v. *Alexander*, 371 Mass. 726, 729-730 (1977). Assuming compliance with other provisions of the statute (see *Commonwealth* v. *Royce, post* 870, further appellate review granted, 375 Mass. 788 [1978]) receipt by the clerk of court of the defendant's request triggers the commencement of the six month period. *Commonwealth* v. *Daggett*, 369 Mass. 790, 792 n.1.

It is obvious that a defendant will not be able to exercise his rights under the statute if he does not receive notice of the charges against him and of his right to submit a § 72A request. Compare *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. 212, 214 (1976), *S.C.* 371 Mass. 726 (1977); *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 574–575 (1977). While it is not always necessary that officials give a defendant written notice, he must be made aware of the charges pending against him. Notice to the defendant has been presumed in situations where a warrant has been lodged at the correctional institution (*Commonwealth* v. *Needel*, 349 Mass. 580, 581–582 [1965]) or where the defendant has been promptly arraigned and represented by counsel who could advise him of his rights

under the statute (*Commonwealth* v. *Parry*, 1 Mass. App. Ct. 730, 735 [1974]). Otherwise, the penal authorities must, in compliance with § 72A, given written notice to the defendant; if they do not, such breach of duty cannot be held against the defendant. See *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. at 574–575.

We hold that on the facts stipulated by the Commonwealth and the defendant the defendant cannot be faulted for not making an application for a speedy trial in compliance with the requirements of the statute. We infer from the agreed statement of facts submitted to the trial judge that the Deer Island authorities knew that complaints had been issued against the defendant. That being so, the master or his deputy was required by § 72A to notify the defendant of the issuance of the complaints and of his rights under § 72A. That requirement is worded in the same mandatory language as that requiring "trial or other disposition" within six months after the clerk's receipt of an application. We also note that none of the substitutes for notice occurred so as to alert the defendant to the existence of the pending charges. The delay of over thirty months between the issuance of the complaints and the trial of the indictments cannot be charged to the defendant as he had no knowledge that the complaints were pending. Such delay violates the purposes and the spirit of G. L. c. 277, § 72A, which "furnishes a ready method for inmates to accelerate action on possible further impediments to their freedom." *Commonwealth* v. *Gove*, 366 Mass. at 355. No better example could be provided of a situation the statute was designed to prevent than the occurrences in this case where after nineteen months in jail and twelve months of freedom a defendant is made to stand trial on charges he did not know were pending. The Commonwealth's contention that the defendant received a speedy trial on the indictments handed down by the grand jury in May, 1977, is off the mark. Those indictments charged crimes arising out of the same incident which had led to the seeking of the

complaints in October, 1974. Although the return of the indictments does constitute a "disposition" of the complaints (*Commonwealth* v. *Stewart*, 361 Mass. at 858), the indictments were not returned within six months and do not constitute a prompt "disposition" under the statute. As the Commonwealth "has not offered any explanation or justification for the delay, the defendant is entitled to relief." *Commonwealth* v. *Alexander*, 371 Mass. at 730–731 (1977).

Accordingly, we hold that the judgment must be reversed, the verdict set aside, and the indictment dismissed.

*So ordered.*