COMMONWEALTH *vs.* WILLIAM ROYCE.

Norfolk. December 5, 1978. — February 21, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Practice, Criminal*, Speedy trial.

Evidence at the criminal trial of a defendant who was incarcerated at the time of his indictments was sufficient to support a finding that the defendant did not follow the procedures prescribed by G. L. c. 277, § 72A, in applying for prompt disposition of the charges pending against him. [359]

Where a prisoner who was familiar with the procedure prescribed by G. L. c. 277, § 72A, failed to comply with it, declined to seek his attorney's assistance, and neglected in any manner to inform the Commissioner of Correction or the district attorney of his desire for prompt disposition of pending charges, in the absence of actual knowledge by the district attorney, receipt of the defendant's pro se application under § 72A by the clerk of courts was insufficient to trigger the protections afforded by the statute. [360-364]

INDICTMENTS found and returned in the Superior Court on June 2, 1975.

A motion to dismiss was heard by *Abrams*, J., and the cases were tried before *Dimond*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Albert L. Hutton, Jr.*, for the defendant.

*Robert W. Banks*, Assistant District Attorney, for the Commonwealth.

LIACOS, J. The defendant was convicted on indictments charging assault with intent to murder (two counts), holding a correctional officer as hostage (two counts), and unlawfully carrying a weapon. He took an appeal to the Appeals Court, which affirmed the conviction.[1] We granted his application for further appellate review. G. L. c. 211A, § 11. The only error assigned and argued is the denial of the defendant's motion to dismiss the indictments because of the Commonwealth's alleged failure to comply with G. L. c. 277, § 72A.[2] We conclude that the motion to dismiss was properly denied and, accordingly, affirm the judgments of conviction.

General Laws c. 277, § 72A, as appearing in St. 1965, c. 343, "furnishes a ready method for inmates to accelerate action on possible further impediments to their freedom." *Commonwealth* v. *Gove*, 366 Mass. 351, 355 (1974). See *Commonwealth* v. *Fields*, 371 Mass. 274, 278-281 (1976). It provides that penal authorities, on learning of an "untried indictment, information or complaint . . . pending in any court in the Commonwealth" against a prisoner in their custody,[3] must notify the prisoner in writing of such

---

[1] *Commonwealth* v. *Royce*, 6 Mass. App. Ct. 870 (1978).

[2] The defendant does not contend that he was deprived of his constitutional right to a speedy trial guaranteed by art. 11 of our Declaration of Rights and the Sixth Amendment to the Constitution of the United States, applicable to the States under the Fourteenth Amendment. *Commonwealth* v. *Chase*, 348 Mass. 100 (1964). *Commonwealth* v. *Hanley*, 337 Mass. 384, cert. denied, 358 U.S. 850 (1958). *Barker* v. *Wingo*, 407 U.S. 514 (1972). We therefore do not address this question.

[3] The statute does not create a mechanism whereby penal authorities are informed of these untried charges. A defendant, however, has

a charge and of his right to apply for its prompt disposition. The prisoner may make an application in writing "for prompt trial or other disposition" of these charges, which "shall," under the statute, occur within six months of receipt of the application by the court.

According to § 72A, a prisoner who seeks to avail himself of its provisions shall submit the application "to the commissioner of correction, or such sheriff, master, keeper or penal institutions commissioner, who shall promptly forward it to such court by certified mail," together with a certificate of that correctional official, which re-

---

a right to be informed of the charges against him. Art. 12 of the Declaration of Rights of the Massachusetts Constitution. See also G. L. c. 277, § 65 (copy of murder indictment to be served on prisoner); *Commonwealth* v. *Pike*, 324 Mass. 335 (1949) (statute construed); G. L. c. 277, § 67 (prisoner is entitled to copy of felony indictment); *Commonwealth* v. *Needel*, 349 Mass. 580 (1965) (statute construed). *Needel* refers to the practice of lodging bench warrants at the correctional institution where a defendant is held in custody; whether this practice was followed here is not shown on the record, although there was some testimony that it was not.

The filing of a bench warrant would be notice to the correctional official and trigger his duty to advise a prisoner of his rights under c. 277, § 72A. *Commonwealth* v. *Needel, supra.* In this case, the defendant was arraigned on the indictments in question on June 18, 1975, and seven days later, he wrote to Marvin Fox, the head administrative clerk at the Massachusetts Correctional Institution at Walpole (M.C.I. Walpole) (the person charged with the duty of processing § 72A applications) and requested information concerning any outstanding indictments pending against him in Massachusetts. The following day, Fox responded by letter that he had no such information. The defendant here was not prejudiced by Fox's uninformative reply, since he had already been notified of the indictments against him at the arraignment. He also had been advised of his rights under § 72A by appointed counsel and could have sought further assistance from his counsel had he so desired. Cf. *Commonwealth* v. *Parry*, 1 Mass. App. Ct. 730, 734-735 (1974). See also *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 575 (1977). The better practice, consistent with the spirit of § 72A, would be for the court in which the charges are lodged to notify the appropriate correctional official, as expeditiously as possible, of all untried indictments or complaints against any prisoner serving a term of imprisonment in any correctional facility under that official's supervision.

cites penal data pertinent to the prisoner. The obligation then falls on the correctional official to "notify the appropriate district attorney by certified mail of such application to the court."

This case focuses on (1) whether the defendant, having actual knowledge of the indictments pending, complied with the particular procedure (set forth in § 72A), by which an application for prompt trial is made, and (2) whether, even if he failed to follow that explicit procedure, his acts were sufficient to warrant dismissal of the indictments by virtue of the protections provided by the statute.

The defendant contends that approximately eight and one-half months before he moved to dismiss the indictments under § 72A, he mailed, and the Commissioner of Correction (Commissioner) received, a copy of a makeshift speedy trial application which he completed with reference to the named indictments. The judge who heard the motion to dismiss found otherwise. The judge determined that while the office of the Commissioner received an envelope from the defendant, that envelope did not contain any request for a speedy trial under the statute. Further, the judge found that the defendant informed neither the head administrative clerk nor the superintendent at M.C.I. Walpole (the facility at which the defendant was incarcerated during the pertinent period) of the fact that he had fashioned his own § 72A form and was moving for a speedy trial under G. L. c. 277, § 72A. We accept, as we must, the judge's resolution of the conflicting testimony, and will not disturb the judge's subsidiary findings if they are warranted by the evidence. *Commonwealth* v. *Cruz*, 373 Mass. 676, 682 n.2 (1977). *Commonwealth* v. *Mahnke*, 368 Mass. 662, 666-667 (1975), cert. denied, 425 U.S. 959 (1976). The record includes sufficient evidence to support the judge's findings. Thus, we conclude that the defendant did not follow the procedures prescribed by § 72A for applying for prompt disposition of the charges pending against him.

The defendant further argues that, even if he be found not to have given or sent a copy of his § 72A application to an appropriate correctional official, he is entitled to dismissal of the indictments nonetheless. His contention is based on the following facts as found by the judge: that on July 22, 1975, he sent, by certified mail, a copy of his pro se application under § 72A with a cover letter to the Norfolk County clerk of courts (clerk); that the application was received by the clerk's office;[4] that the six-month statutory period prescribed by c. 277, § 72A, expired without any action whatever being taken on the defendant's motion; that the defendant neither approved nor asked for any continuance of his case during the period involved; and that the delay which occurred in this case was not intended for the defendant's benefit.

To support his argument the defendant relies on *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. 212 (1976), aff'd on other grounds, 371 Mass. 726 (1977), in which Alexander's pro se motion for speedy trial was treated as if it were an application under § 72A. While *Alexander* holds that a defendant need not comply with the precise procedural requisites set forth in § 72A in order to be afforded its protection,[5] its factual framework is significant. In that case there was no indication that the defendant was notified of his right to apply for prompt disposition under § 72A. There was also some indication in *Alexander* that

---

[4] The record reflects that the application for prompt trial on each of the indictments was docketed on July 25, 1975. The application, however, was not completed properly in that it had not been completed and signed by the Commissioner as provided by § 72A.

[5] In *Alexander* the Appeals Court attached no significance to the failure of the Commissioner to complete and sign the certificate on the application dealing with the penal status of the defendant. *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. 212, 214 n.3 (1976). We joined in that aspect of the decision in our further review of *Alexander*. *Commonwealth* v. *Alexander*, 371 Mass. 726, 727 n.3. The failure of the defendant here to obtain the Commissioner's completion of the certificate on the form filed with the Superior Court is also of no consequence in our view of this case.

the defendant was without counsel at the time he filed his pro se motion, a situation unlike the one at bar. More importantly, it was uncontroverted that the defendant in *Alexander* sent a copy of the speedy trial motion to the district attorney, thereby notifying the Commonwealth of the claim. Given those circumstances, the Appeals Court correctly treated the defendant's motion as the legal equivalent of an application under G. L. c. 277, § 72A. See *Commonwealth* v. *Alexander*, 371 Mass. 726, 727 n.3 (1977);[6] *Commonwealth* v. *Boyd*, 367 Mass. 169, 177 (1975).

The circumstances which triggered the operation of § 72A in *Alexander* are noticeably absent from the instant case. First, although the defendant was notified of neither the outstanding indictments against him nor of his § 72A speedy trial rights by the head administrative clerk at M.C.I. Walpole, the judge's findings, substantiated by testimony in the record, indicate that he was actually aware of both the indictments and his rights under § 72A. Indeed, he had copied the form for the § 72A application he submitted to the clerk from one he had in his possession, and filled in the relevant indictments.

Further, the judge found the defendant did not inform the district attorney for the Norfolk district that he was moving for a speedy trial under c. 277, § 72A, and the district attorney had no actual knowledge that an application had been made. Notice to the district attorney of the filing of a speedy trial motion or application is an essential aspect of § 72A. When a prisoner submits his application according to the procedures set forth in § 72A, the appropriate correctional official is charged with the responsibility of notifying the district attorney

_____

[6] We made clear in *Commonwealth* v. *Alexander*, 371 Mass. 726, 729 (1977), that even where "the defendant has neither caused the delay nor benefited from it, the statute does not inexorably render indictments ineffective after six months." We found the indictments appropriately dismissed in that case because the Commonwealth was unable to come forward with any justification for its eleven-month delay.

and the court.[7] The "burden thereafter is on the Commonwealth to ensure that the applicant is brought before the court for trial or other disposition within six months from the filing of the application in court." *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. at 213. See *Commonwealth* v. *Donati*, 373 Mass. 769 (1977) (significant date is date of receipt by the clerk's office; any delay or error in docketing an application after receipt cannot be relied on by the Commonwealth to defer commencement of the six-month period).

The "burden" which falls on the Commonwealth in such a circumstance, is a burden at present placed by the statute on the district attorney. It is the district attorney who has the initial responsibility to set up the trial lists, G. L. c. 278, § 1, and to bring cases to the court for "trial or other disposition" of the indictment as required by G. L. c. 277, § 72A. Cf. Mass. R. Crim. P. 36 (effective July 1, 1979). The requirement of § 72A that correctional officials notify the district attorney reflects the awareness of the Legislature of the duty placed on district attorneys under G. L. c. 278, § 1.

The defendant argues in his brief that once he had sent his self-prepared application to the court "in an attempt

---

[7] The defendant claims that he asked for a speedy trial application from Fox, but this request was denied, and as a result proceeded with the motion pro se. The findings of the judge support the conclusion that Fox declined to forward the application because he had no information as to any outstanding indictments pending against the defendant. The judge found that the defendant could have provided Fox with this information, and also that he could have contacted his attorney for assistance during the relevant period. He chose to do neither. As a result, the judge determined that "the defendant's actions in preparing his *pro se* § 72A application and failure to tell Mr. Fox of the new indictments were responsible for the failure of the Corrections Department to notify and process a § 72A form and application." The defendant's failure to advise Fox of the indictments of which the defendant was aware, and the fact that Fox had no such knowledge, is sufficient to relieve the Commissioner of the duty to advise either the court or the district attorney of the defendant's application. Additionally, of course, the judge found that the Commissioner never received a copy of the application filed by the defendant.

to exercise his rights under G. L. c. 277, § 72A, someone in our system had the duty to make arrangements for his appearance in court for trial within the statutory six month period." We cannot agree with this sweeping statement. It appears that only the clerk of the Superior Court and the defendant had knowledge of the application. While it may have been better practice for the clerk who received and docketed the pro se application, which lacked the Commissioner's signature on its face, to have made inquiry of the Commissioner or the district attorney, or both, as to their knowledge of the same, the clerk had no such duty under the statute. Further, the docket reflects that counsel had been appointed one week prior to the clerk's receipt of the application. Rather than take steps himself to bring the application for speedy trial to the attention of the presiding judge, the clerk reasonably might have expected that counsel would act had his client so desired. See G. L. c. 278, § 1, which gives a defendant the right to seek to add a case to the trial list submitted by the district attorney. Thus, the clerk's failure to act cannot be relied on by the defendant as a basis for dismissal of the indictments.

We hold, therefore, that in the circumstances of this case, receipt of the defendant's § 72A application by the clerk was insufficient to trigger the protections afforded by the statute. Where a prisoner, such as the defendant, is familiar with the § 72A procedure, fails to comply with it, declines to seek his attorney's assistance, and neglects in any manner to inform the Commissioner or the district attorney of his desire for prompt disposition of the pending charges, in the absence of actual knowledge by the district attorney, that prisoner cannot reasonably expect to enjoy the protections provided under § 72A.

Rejecting a "mechanistic approach" to the language of the provision, we have held that § 72A "does not mandate a per se rule of dismissal after the statutory period has expired." *Commonwealth* v. *Alexander*, 371 Mass. at 728. We have previously remarked that "[a] defendant who is

responsible for delay exceeding the statutory period is correctly precluded from 'insist[ing] upon strict adherence to the exact six-month period.' " *Id.* at 729, quoting from *Commonwealth* v. *Daggett,* 369 Mass. 790, 793 (1976). That principle applies here. The judge found that if the defendant had informed his counsel of his application for a speedy trial, counsel would have notified the Commonwealth of the request, and the case would have been processed within six months of application. The judge further determined that the district attorney acted reasonably, expeditiously, and in good faith to have the case heard as soon as he was made aware of the speedy trial problem. In these circumstances, the defendant's motion to dismiss was properly denied.

*Judgments of the*
*Superior Court affirmed.*