COMMONWEALTH vs. WILLIAM D. LANGTON.

Middlesex.    May 10, 1979. — May 31, 1979.

Present: HALE, C.J., BROWN, & GREANEY, JJ.

*Constitutional Law*, Speedy trial. *Practice, Criminal*, Speedy trial, Mistrial.

The judge at a criminal trial did not err in finding that the defendant's constitutional right to a speedy trial was not violated by a nineteen-month interval between arrest and trial. [692-693]

A defendant was not entitled to dismissal of indictments under G. L. c. 277, § 72A, where it appeared that the defendant waived his claim under § 72A in the trial court and where he failed to comply with several of the procedures prescribed by § 72A. [693-694]

There was no showing that a judge at a criminal trial abused his discretion in denying the defendant's motion for a mistrial based on his assertion that the jury observed him wearing shackles in the courtroom. [694]

INDICTMENTS found and returned in the Superior Court on December 10, 1974.

The cases were tried before *Nelson*, J.

*Michael L. Altman* for the defendant.

*Susan C. Mormino*, Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant appeals from his convictions on May 10, 1976, on indictments charging rape, armed robbery, assault with a dangerous weapon and larceny of a motor vehicle. The appeal is here on two assignments of error.

1. The judge correctly denied the defendant's motion to dismiss the indictments on grounds of pretrial delay.

a. The defendant's constitutional right to a speedy trial was not violated by the nineteen-month interval between arrest and trial. We have examined the record in the light

of the considerations set out in *Barker* v. *Wingo*, 407 U.S. 514, 530-533 (1972), and *Commonwealth* v. *Gove*, 366 Mass. 351, 361-365 (1974), and are of the opinion that the judge's findings on this issue were warranted and that they provided an ample basis for his ruling that, in the totality of the circumstances, the delay here was within constitutional bounds. See *Commonwealth* v. *Jones*, 6 Mass. App. Ct. 750, 753-757 (1978).

b. The defendant's argument that these charges should have been dismissed pursuant to G. L. c. 277, § 72A, as amended through St. 1965, c. 343, fails on several grounds. It appears initially that the defendant waived this argument by failing to make it in the court below. *Commonwealth* v. *Lovett*, 374 Mass. 394, 403 (1978). *Commonwealth* v. *Haywood*, 377 Mass. 755, 766 n.13 (1979). The defendant's motion to dismiss recited a claim under § 72A, but no argument was made in support of it. Moreover, the motion bore a handwritten notation that this ground was "waived," and the defendant made no objection when the judge opened the hearing on the motion to dismiss by saying that he considered the issue before him at that time to be "one of a speedy trial within the constitutional mandate and not pursuant to Chapter 277, section 72A specifically." In addition, the defendant failed to comply with several of the procedures prescribed by § 72A. While the defendant mailed two requests for prompt disposition of the case to the Superior Court in Middlesex County (their receipt, however, was not shown), he failed to give notice of his application to the Commissioner of Correction (or any other correctional official) or to the appropriate district attorney as required by § 72A. *Commonwealth* v. *Royce*, 377 Mass. 356, 359-360 (1979). Strict compliance with every procedure set out in § 72A is not always required to start the running of the six-month period for trial or other disposition under § 72A (see *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. 212, 213-214 [1976], *S.C.* 371 Mass. 726 [1977]; *Commonwealth* v. *Clady*, 6 Mass. App. Ct. 447, 449-450 [1978]), but

"[n]otice to the district attorney of the filing of a speedy trial motion or application is an essential aspect of § 72A." *Commonwealth* v. *Royce*, 377 Mass. at 361 (1979). No valid excuse for the defendant's failure to give notice to the district attorney appears from the record (*id.* at 359-363). Therefore, the defendant would be entitled to no relief under § 72A even if this claim were properly before us.

2. In a brief filed by the defendant's trial counsel (who was the initial appellate counsel but was permitted to withdraw and was replaced by present appellate counsel) the defendant argues that there was error in the judge's denial of his motion for a mistrial based on his assertion that the jury observed him wearing shackles in the courtroom. The defendant failed to except to the denial of this motion so it brings nothing before us on appeal unless the error claimed might give rise to a substantial risk of a miscarriage of justice. *Commonwealth* v. *Jefferson*, 377 Mass. 716, 718 (1979), and cases cited. We discern no risk of a miscarriage of justice, and the record, in any case, does not approach a showing that the judge abused his discretion in declining to grant a mistrial under the circumstances (see *Commonwealth* v. *Brown*, 364 Mass. 471, 476 [1973]; contrast *Commonwealth* v. *DeVasto, ante* 363, 365-367 [1979]).

*Judgments affirmed.*