COMMONWEALTH *vs.* CLIFFORD JONES. March 12, 1981. After a jury trial, the defendant was convicted on indictments charging him with (1) assault and battery by means of a dangerous weapon, (2) assault with intent

to murder and (3) armed robbery. In his appeal to this court, the defendant claims, among other things, that his motion to dismiss all the indictments against him should have been allowed because he was not tried within six months of the court's receipt of his application for a speedy trial pursuant to G. L. c. 277, § 72A, as appearing in St. 1965, c. 343. We agree. We thus reach none of the other issues argued on appeal.

For purposes of examining the defendant's § 72A claim, we need focus only on the six-month period following the receipt "by the court" of his application for a prompt trial. See *Commonwealth* v. *Gove*, 1 Mass. App. Ct. 614, 618-619 (1973), *S.C.* 366 Mass. 351 (1974).

On February 13, 1976, a grand jury returned the indictments here in question. The Commonwealth concedes that the offenses charged in those indictments "were identical to" the complaints originally brought against the defendant on April 28, 1975, in a District Court. The defendant was arrested on May 15, 1975.

While serving sentences on unrelated charges, the defendant was notified by the Commissioner of Correction, on September 6, 1977, of the outstanding complaints issued against him by the District Court.[1] Immediately thereafter the defendant signed the request for a hearing and returned it to the Commissioner, who in turn, forwarded the request form to the District Court. The request was received by the District Court on September 16, 1977, and the six-month period commenced on that date. *Commonwealth* v. *Daggett*, 369 Mass. 790, 792 n.1 (1976). (The judge found that "[t]hat request was forwarded by the District Court to the Suffolk Superior Court where it was received on September 19, 1977.") Seven and one-half months later, on May 3, 1978, the defendant was convicted on all three indictments following a three-day trial.

Although "the statute does not mandate a per se rule of dismissal after the statutory period has expired," *Commonwealth* v. *Alexander*, 371 Mass. 726, 728 (1977), it does require that "[w]here 'the delay or lack of any activity occurred in circumstances neither caused by nor attributable to the defendant' [citation omitted] the Commonwealth must at the very least, explain why such delay is 'reasonably necessary and justifiable.'" *Id.* at 730, quoting from *Commonwealth* v. *Boyd*, 367 Mass. 169, 179 (1975). This court has twice held that where the delay or lack of activity occurred in circumstances neither caused by nor attributable to the defendant, dismissal of the indictment is required by the "mandate" of § 72A. See *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. 212 (1976), *S.C.* 371 Mass. 726 (1977). See also *Commonwealth* v. *Fields*, 371 Mass. 274, 281 (1976).

---

[1] It is unclear from the record why the defendant was notified of the complaints, as they had matured into indictments some nineteen months previously. As no question has been raised as to sufficiency of that notice, we treat it as effective notice of the indictments.

Nowhere on this record does it appear that a judge ordered a continuance during the period in question. See *Commonwealth* v. *Boyd*, 367 Mass. 169, 179 (1975). It should come as no surprise that this is a serious omission. The Supreme Judicial Court has on numerous occasions advised that trial judges in cases arising under § 72A are to make specific orders regarding extensions of the statutory period. *Commonwealth* v. *Alexander*, 371 Mass. at 731, and cases cited therein. See also *Commonwealth* v. *Fields*, 371 Mass. at 280 n.8. Nor are we able to discern any "significant events" that would "meet the statutory requirements of 'other dispositions.'" *Id.* at 280. See, e.g., *Commonwealth* v. *Stewart*, 361 Mass. 857 (1972); *Commonwealth* v. *Royce*, 358 Mass. 597 (1971).

The Commonwealth does not argue that the defendant caused the delay. The argument that the delay benefited the defendant does not have adequate support in the record. The Commonwealth's reliance on the judge's finding that it was the opinion of the defendant's counsel "that the defendant's interests would be best served by a delay" is misplaced. There has been no showing that this strategy was agreeable (or even communicated) to the defendant. What little evidence there is on this point seems to cut the other way. In any event, even if we assume the defendant wanted to delay his trial until after a decision on his motion to revise the sentences he was currently serving, that motion was acted on favorably more than six months before his trial. (The judge found that "[a]fter the reduction of sentence on October 28, 1977, pursuant to the revise and revoke motion, the only delays were due to Court congestion and a severe February, 1978, snowstorm.") Similarly, the Commonwealth gains nothing from the fact that the defendant did appear one time at court on October 19, 1977. Although his case was not reached for trial, no motion for a continuance was filed by the Commonwealth or the defendant, and no order extending the statutory period was entered. See *Commonwealth* v. *Alexander*, 371 Mass. at 731. In passing, we add that the defendant's trial took place more than six months after this event.

The Commonwealth's argument that the defendant is not entitled to any relief due to his failure to notify the district attorney is without merit. See *Commonwealth* v. *Royce*, 377 Mass. 356, 361 (1979). Notwithstanding the Commonwealth's acknowledgment that it is the usual "custom" of the clerk's office in such cases to notify the district attorney, it is the correctional official who is obliged to notify the district attorney of the defendant's application pursuant to § 72A. *Id.* 359. See *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. at 213.

We conclude that in the circumstances of this case G. L. c. 277, § 72A, requires dismissal of the indictments against the defendant. *Commonwealth* v. *Alexander*, 4 Mass. App. Ct. at 214-215. See *Commonwealth* v. *Gove*, 1 Mass. App. Ct. at 619. Contrast *Commonwealth* v. *Carr*, 3 Mass. App. Ct. 654, 656-657 (1975).

The judgments of the Superior Court are reversed, the verdicts are set aside, and orders are to be entered dismissing the indictments.

*So ordered.*

*Edward Berkin* for the defendant.

*M. Catherine Huddleson,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with her) for the Commonwealth.