## COMMONWEALTH vs. CLIFFORD JONES.

Suffolk.  November 5, 1981. — January 7, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Practice, Criminal*, Speedy trial, Dismissal.

In the circumstances, the Commonwealth's failure to bring a criminal
defendant to trial for seven months and a half after receipt of his ap-
plication for a speedy trial pursuant to G. L. c. 277, § 72A, required
dismissal of indictments against him.  [13-16]

INDICTMENTS found and returned in the Superior Court
on February 13, 1976.

A motion to dismiss was heard by *Griffin*, J., and the
cases were tried before *O'Connor*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Edward Berkin* for the defendant.

*James M. Lynch*, Assistant District Attorney, for the
Commonwealth.

NOLAN, J.  The defendant was convicted on indictments
charging him with assault and battery by means of a
dangerous weapon, armed robbery, and assault with intent
to murder.  He appealed these convictions to the Appeals
Court arguing, among other things, that his motion to
dismiss the indictments should have been allowed because
he was not tried within six months of the court's receipt of
his application for a speedy trial pursuant to G. L. c. 277,
§ 72A, as appearing in St. 1965, c. 343.[1]  The Appeals
Court reversed the judgments of the Superior Court and
ordered dismissal of the indictments.  *Commonwealth* v.

[1] This section has been repealed by St. 1980, c. 261, § 42.

*Jones,* 11 Mass. App. Ct. 969, 972 (1981). We granted the Commonwealth's application for further appellate review. We agree with the result reached by the Appeals Court and reverse the judgments of the Superior Court.

The following timetable of events is critically important. On April 28, 1975, a District Court issued complaints for the offenses before us. The defendant was arrested in Des Moines, Iowa, on May 15, 1975, and was confined at the Charles Street Jail from May 22, 1975, until November 24, 1975. On November 24, 1975, the defendant was committed to the Massachusetts Correctional Institution at Concord for an unrelated crime. On February 13, 1976, a grand jury returned indictments against the defendant charging him with the identical offenses which constituted the subject matter of the District Court complaints. The defendant was arraigned on these indictments on May 17, 1976, and counsel was appointed to represent him.

It was on September 12, 1977, that the Commissioner of Correction notified the defendant, who was still serving a sentence on the unrelated charge, of the outstanding complaints issued against him by the District Court and of his right under G. L. c. 277, § 72A, to apply for a prompt trial or other disposition. Soon after receiving this notice, the defendant signed the request and forwarded it to the Commissioner, who in turn forwarded it to the District Court. The District Court received the request on September 16, 1977, and forwarded it to the Superior Court, where it was received September 19, 1977. On May 3, 1978, seven and one-half months later, the defendant was convicted on the indictments following a three-day trial.

General Laws c. 277, § 72A, provided that a prisoner who applies for a "prompt trial . . . shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order." We have discussed G. L. c. 277, § 72A, on a number of occasions in recent years and no good purpose would be served by repetition of these discussions.

See *Commonwealth* v. *Donati,* 373 Mass. 769, 770-772 (1977); *Commonwealth* v. *Alexander,* 371 Mass. 726, 727-731 (1977); *Commonwealth* v. *Fields,* 371 Mass. 274, 278-282 (1976); *Commonwealth* v. *Loftis,* 361 Mass. 545, 548-550 (1972). Essentially, the statute "establishes a priority for trials of defendants who are already in custody . . . [and] furnishes a ready method for inmates to accelerate action on possible further impediments to their freedom." *Commonwealth* v. *Alexander, supra* at 729, quoting from *Commonwealth* v. *Gove,* 366 Mass. 351, 355 (1974). In *Alexander,* we said that the statute "does not mandate a per se rule of dismissal after the statutory period has expired." *Id.* at 728. If the defendant has caused the delay or if the delay is ordered to assist the defendant in his defense, then dismissal of the indictment is not necessary. *Commonwealth* v. *Boyd,* 367 Mass. 169, 179 (1975). Where, however, the defendant has not caused the delay and it is not attributable to him, then "the Commonwealth must at the very least, explain why such delay is 'reasonably necessary and justifiable.'" *Commonwealth* v. *Alexander, supra* at 730, quoting from *Commonwealth* v. *Boyd, supra* at 179.

In an attempt to meet this burden, the Commonwealth argues that the defendant is responsible for at least five weeks of the delay because he wanted to delay his trial until after a decision on his motion to revise the sentences he was currently serving. The Commonwealth's assertion, however, is not supported by the record. While the judge found that defense counsel may have believed the defendant's interests would be best served by a delay, there is no evidence that this strategy was agreeable to or even communicated to the defendant. Indeed, it was at the commencement of this period of five weeks that the defendant filed his application for a speedy trial under § 72A. There is also evidence that the defendant told his counsel during this time period that he wanted the charges disposed of as quickly as possible.[2]

---

[2] There is evidence of a lack of communication between the defendant and his counsel. We note, however, that if there were any evidence of an

The Commonwealth further argues that the indictments should not be dismissed because the defendant failed to object to the continuances or assignments of trial dates during the seven and one-half month time period. This argument misses the mark because, even if it were true, it does not show that the defendant caused or benefited from the delay. Indeed, his § 72A application itself as well as the motion to dismiss grounded on G. L. c. 277, § 72A, filed by his counsel on March 21, 1978, show that the delays were not consensual. We have said on numerous occasions that the acceptable procedure in a case arising under § 72A calls for the Commonwealth to file a motion in the Superior Court seeking an extension of the statutory period fixed by G. L. c. 277, § 72A, and for the judge specifically to order an extension of the statutory period, stating his reasons, where a delay is reasonably necessary and justifiable. *Commonwealth* v. *Alexander, supra* at 731, and cases cited. This procedure was not followed in this case and the omission to do so is fatal.

The Commonwealth's argument that the defendant cannot prevail because of his failure to notify the district attorney of his application under § 72A is without merit. It is the correction official who must notify the district attorney of a defendant's § 72A application. *Commonwealth* v. *Royce,* 377 Mass. 356, 362 (1979). Any failure by Commonwealth officials to follow the correct procedures cannot be relied on by the Commonwealth to the defendant's detriment.

The Commonwealth has failed to show that the delay was caused by or attributable to the defendant and has failed to provide an adequate justification for the delay. We therefore conclude that G. L. c. 277, § 72A, requires dismissal of the indictments against the defendant. Because

agreement between a defendant and counsel deliberately to pursue different trial strategies to permit the defendant later to claim lack of knowledge, an entirely different case would be presented. There is, however, no suggestion of this ploy in the present case.

our decision is based on G. L. c. 277, § 72A, we do not reach the defendant's remaining claims of error.

The judgments of the Superior Court are reversed, the verdicts are set aside and orders are to be entered dismissing the indictments.

*So ordered.*